Clarence CONWAY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-749.

Court of Criminal Appeals of Oklahoma.

June 27, 1978.

Marshall Huser, Huser & Huser, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Evan A. Douthit, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Clarence Conway, hereinafter referred to as defendant, was charged in the District Court, Seminole County, Case No. CRF–77–34, with the offense of Second Degree Burglary in violation of 21 O.S.1971, § 1435, After Former Conviction of a Felony, 21 O.S.Supp.1977, § 51. The case was tried to a jury and the defendant was con-victed as charged, being sentenced to twenty (20) years in the penitentiary. From judgment and sentence the defendant has perfected an appeal to this Court.

Kenneth Mendenhall, owner of Paul's Auto Supply in Seminole, Randy Perry and Dexter Davis, both Seminole policemen, all testified that early Sunday morning, January 23, 1977, at about 6:00 a.m., they apprehended defendant inside the auto parts store. A rear window had been broken and several items of merchandise had been moved from their customary place to a position nearer the exit. Defendant was discovered hiding in an upstairs room. Near where he was apprehended was discovered a roll of stamps and several tools, which like the other items previously mentioned had been removed from their customary places.

The defendant testified and stated that on Saturday he went to Paul's Auto Supply to make several purchases and that he was inadvertently locked in and forced to remain all night. Defendant also admitted convictions for second degree burglary and receiving stolen property. Additionally, these convictions were proved by the State during the second stage of the trial.

Defendant's only assignment of error complains of a prejudicial closing argument by the prosecutor. Defendant does not claim that the prosecutor's argument determined the verdict, but only that it caused the jury to assess an excessive sentence.

The record reflects the following comments:

"BY MR. POWELL: . . . As I have told you before, a thief is a thief, I don't care how you line him up. And here sits a thief right there (indicating) that has twice admitted from the witness stand (interrupted)

"BY MR. HUSER: I object to the remarks of the District Attorney.

"BY THE COURT: Over-ruled.

"BY MR. HUSER: Exception.

"BY THE COURT: Exception be allowed. Go ahead.

"BY MR. POWELL: This man by his own admission is a thief.

"BY MR. HUSER: I object to the remarks of the District Attorney as highly prejudicial.

"BY THE COURT: All right, go ahead and just coment (sic) on the evidence.

"BY MR. HUSER: Exception.

"BY THE COURT: Exception be allowed.

"BY MR. POWELL: Ladies and Gentlemen, I want you to know the truth when you go to dispense your justice. By his own admissions when he took the witness stand and he sat right there in front of you and he was asked if he had ever been convicted before and he said—a plea of guilty is the same thing as a conviction. It just saves the time of a trial. He admitted that he had been convicted of Burglar (sic) in the Second Degree.

"BY MR. HUSER: We renew our objection.

"BY THE COURT: Over-ruled.

"BY MR. HUSER: Exception.

"BY THE COURT: Exception be allowed.

"BY MR. POWELL: He admitted that he had been convicted of receiving stolen property. This man is a professional criminal, a career criminal. He is in the business of making a living like a parasite off the fruits and the labors of his fellow man. . . . Whey (sic) don't they put all these people where they belong. Find man guilty as charged and convict a thief. Prior convictions by his own admissions.

"BY MR. HUSER: I object to the remarks of the District Attorney as prejudicial.

"BY THE COURT: Over-ruled."

■ It is well known, or at least it should be, that when a defendant takes the stand and testifies and the fact of his prior convictions is elicited, said convictions can only be used to impeach his credibility as a witness. See *Kennedy v. State*, Okl.Cr., 443 P.2d 127 (1968). Prior convictions cannot be used as evidence of guilt.

The State urges that the foregoing excerpts from the prosecutor's argument constitute merely "an effort to impeach the appellant's credibility concerning his testimony in this case." We disagree. Nowhere in the prosecutor's argument does it appear that he ever used the words "credibility," "veracity," or any other words of similar import. Rather, the prosecutor's argument concerning defendant's prior convictions reveals itself to be at its most basic, that since defendant had been convicted before, he is obviously guilty now.

It is true that the court properly instructed the jury during the first stage that the defendant's prior convictions could not be used as evidence of guilt but could only be used to impeach his credibility as a witness. And, as defendant admits, it is also true that because the evidence of guilt was so overwhelming it cannot fairly be said that the prosecutor's improper comments determined the verdict. However, defendant argues that this is a proper case for modification of sentence.

■■ We are of the opinion it was improper for the prosecutor to argue defendant's former convictions at the first stage of closing argument. Reference to former convictions, except to challenge the defendant's credibility, should be reserved for the punishment stage of the closing argument. There is little doubt that the prosecutor's repeated argument referring to the defendant as a "thief" whether true or not, was calculated to inflame the jury's passions and prejudices. See, *Robinson v. State*, Okl.Cr., 574 P.2d 1069, 1072 (1978). The A.B.A.'s Standard for Criminal Justice, "The Prosecution Function and the Defense Function", Section 5.8(c), states that "The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury."

Insofar as the evidence was clearly sufficient to sustain defendant's convictions, the arguments complained of are not sufficient to cause a reversal, but they are sufficient to cause a modification of defendant's sentence. We, therefore, modify defendant's sentence from twenty (20) years' imprisonment to a sentence of fifteen (15) years'

imprisonment, and as MODIFIED the judgment and sentence is AFFIRMED.

BUSSEY, P. J., and CORNISH, J., concur.