Martin Earl **HEDGEPATH**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–78–226.

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1979.

Leslie R. Earl, Jr., Public Defender, Stanley D. Monroe, Legal Intern, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Martin Earl Hedgepath, was tried on a charge of First Degree Murder and convicted on the lesser included offense of Manslaughter in the First Degree on October 21, 1977, in the District Court of Tulsa County, Case No. CRF–77–1401. In accordance with the jury verdict, he was sentenced to thirty-five (35) years' imprisonment.·

Testimony revealed that the appellant struck the victim with a two and a half foot machete on June 4, 1977, virtually severing the victim's head, causing death. The incident occurred outside the Star Bar on First Street in Tulsa. The fact that the appellant slashed the deceased with a machete was uncontroverted. After the confrontation outside the bar, the appellant fled in his car to the home of a friend, where he was apprehended by police. At trial, the appellant claimed he was afraid of the deceased, who had also threatened the appellant's wife.

I

The appellant contends that evidence at the preliminary hearing was insufficient to bind him over for trial on a first degree murder charge. A preliminary hearing before a magistrate does not require evidence sufficient to support a conviction, but must show only that an offense has been committed and that there is reason to believe the accused committed the offense. *Taylor v. State*, 96 Okl.Cr. 1, 247

P.2d 749 (1952). The preliminary hearing transcript reveals that the magistrate found sufficient evidence to bind the appellant over for trial on a charge of First Degree Murder. Witnesses testified that the appellant was downstairs, armed with a machete, waiting for the victim. He then struck the unarmed victim with the machete.

## II

Next, the appellant argues that a black-and-white photograph admitted into evidence was unduly gruesome, its sole purpose being to influence the passion and prejudice of the jury. The trial court found the photograph in question to be admissible to aid in identification of the victim. This Court enunciated the test for prejudicial photographs in *Asberry v. State*, Okl.Cr., 564 P.2d 648 (1977):

> "[T]he test for admission of gruesome photographs is whether the probative value of the photograph outweighs the danger of prejudice to the defendant. *Pate v. State*, Okl.Cr., 361 P.2d 1086 (1961). The question of admissibility of photographs is a matter addressed to the sound discretion of the trial court. . . ." (Citation omitted)

Although the photograph in question showed the neck wound of the deceased, which was inflicted by the machete blow, the trial court properly ruled it was admissible.

## III

Whether the State failed to prove there was an effective waiver of *Miranda* rights is the next issue raised by the appellant. The trial record clearly shows that the police administered a *Miranda* warning to the appellant upon arrest, and that he later intelligently signed a waiver of those rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The appellant's alleged attempts to contact an attorney prior to his arrest did not render his waiver invalid.

## IV

The appellant contends that the trial court erred by informing a witness of her right not to incriminate herself in the presence of the jury. In *Smith v. State*, Okl. Cr., 581 P.2d 467 (1978), we held that the defendant was not deprived of a fundamental right when the prosecutor suggested that a defense witness be advised of her right not to incriminate herself. In this case, the trial court found that the manner in which the defense witness, Deborah Perkins, was advised of her Fifth Amendment rights was not prejudicial to the appellant. Upon careful review, the record reveals the court protected the Fifth Amendment rights of the witness and did not prejudice the appellant. We will not interfere with the trial court's determination.

## V

It is next alleged that the State was permitted to introduce rebuttal testimony contradicting defense testimony on a collateral issue. We hold that the trial court properly admitted the rebuttal testimony of the deceased's mother. Her testimony concerned an alleged meeting between the appellant's wife, witness Deborah Perkins, and the deceased a few days before the slashing incident. The defense put on testimony of the alleged meeting and threats allegedly made then to the appellant's wife to establish why the appellant felt in danger on the morning of the machete slashing. Testimony by Deborah Perkins about the prior meeting was a vital part of the defense and was not collateral. Hence, it was rebuttable. *Cherry v. State*, Okl.Cr., 544 P.2d 518, 521 (1975). The deceased's mother testified in rebuttal that the alleged meeting could not have taken place because the deceased was at home that night. Her testimony was proper rebuttal of a vital part of the defense.

## VI

We will next consider whether the prosecution made improper remarks during closing arguments. This Court has held that the right of argument by counsel in

criminal proceedings contemplates a wide range of speech. *Gay v. State*, Okl.Cr., 558 P.2d 1187 (1977). After an examination of the record, we find that the prosecutor's comments were within the scope permitted. The trial court instructed the jury that references to the appellant's prior convictions made by the prosecutor in closing arguments were proper only because they went to the matter of credibility rather than to guilt. This Court stated the guidelines for comment on prior convictions in *Conway v. State*, Okl.Cr., 581 P.2d 40, 42 (1978), as follows:

> "It is well known, or at least it should be, that when a defendant takes the stand and testifies and the fact of his prior convictions is elicited, said convictions can only be used to impeach his credibility as a witness. . . ." (Citation omitted)

The prosecutorial comments, when coupled with the judge's instructions, conform to the standards espoused by this Court. We find no reversible error.

### VII

Finally, it is argued that the punishment imposed was excessive. A sentence of 35 years' imprisonment is within statutory limits for Manslaughter in the First Degree and is not excessive.

The judgment and sentence is *AFFIRMED*.

BRETT and BUSSEY, JJ., concur.