Nathaniel T. Helman, J.
This is a proceeding pursuant to article 78 of the CPLR. The facts are not in dispute. The petitioner was a patrolman in the Police Department, appointed on February 1,1947. On May 6,1963, he was injured while oh duty, hospitalized and then placed on light duty at various times. On April 29, 1964, petitioner applied for disability retirement pursuant to sections B18-11.0 to B18-55.0 of the Administrative Code of the City of New York.
The Medical Board consists of three physicians whose duty it was to make “ investigation of all statements and certificates ” of the applicant, to determine physical or mental incapacity, and that such incapacity was a natural and proximate result of city service. Under article II of the Police Pension Fund the Medical Board was then required to certify to the Board of Trustees its determination, whereupon the Board of Trustees was directed to “ retire such member for accident disability forthwith. ’ ’
*505 The Medical Board examined petitioner and investigated the case, and on June 9, 1964 certified his disability to the Board of Trustees and approved his disability retirement pension. This approval came on for action by the Board of Trustees of the Pension Fund on July 24,1964 but was not adopted, as the Police Commissioner had in the meantime terminated petitioner’s service and vacated his office.
It appears that on July 16, 1964, respondent, Commissioner Murphy, received a communication from the District Attorney of New York County, advising him that while appearing before the Grand Jury in a pending investigation, petitioner had refused to answer certain relevant questions as required by section 6 of article I of the Constitution of the State of New York. Upon examining the communication as well as minutes of the Grand Jury, the respondent, by order dated July 16,1964, terminated the employment of petitioner as patrolman, and declared his office vacated effective July 15, 1964. No proceeding has been brought seeking to annul said action by respondent Murphy.
It is petitioner’s contention, that it was the legal duty of respondent to retire petitioner forthwith after the Medical Board had so approved, and that failure to do so was arbitrary and capricious. He further argues that misconduct after pension rights have vested cannot nullify his contractual rights to retirement and pension.
Subdivision b of section B18-13.0 of the Administrative Code provides that every act of the respondent board shall be by resolution which shall be adopted by a vote of at least 7/12ths of the membership of the board. The plain intendment of that provision is that retirement is not effected until the respondent so resolves.
The provision of B18/43.0 upon which petitioner so strongly relies, that the ‘ ‘ board shall retire such member for accident disability forthwith” (italics added), is subject to the further requirement that retirement shall be accomplished only by resolution of the Board of Trustees (Matter of McMeekan v. Department of Health, 157 Misc. 620, affd. 249 App. Div. 609, affd. 274 N. Y. 521). Under the applicable statutory scheme applications for retirement are not to be deemed self-executing. At best the mandatory language “shall retire * * * forthwith ”, did not effect a retirement until the Board of Trustees acted. In Matter of Keevan v. Valentine (291 N. Y. 333, 341, 342) the court said: “ By the use of appropriate language the Legislature can indicate its intention that retirement shall not be effective until a retirement board or an administrative officer has *506 approved the application or has determined that the statutory condition for retirement actually exists It may he observed that petitioner had the right after certification and approval by the Medical Board to move expeditiously for a writ of mandamus to command the Board of Trustees to comply with the intent of the statute. “Nonetheless, the retirement remains incomplete until every step required by the statute has been taken.” (Matter of McMeekan, supra.)
It follows, therefore, that on July 16, 1964, the petitioner was a member of the police force, notwithstanding his previously filed waiver of terminal leave, and request for retirement, dated July 1, 1964. As such, he was subject to the restrictive provisions of section 6 of article I of the New York State Constitution. Having been removed from his office effective Juy 15, he was not a ‘ ‘ member in city-service ’ ’ as required by section B18-43.Ó. Thus the respondent board was without power to pass a resolution restoring him. While the Board of Trustees may not question the determination of the Medical Board, it cannot retire a man who is not “ in city-service ” at the time they are called upon to pass the retirement resolution. Likewise, it would be improper for respondent to withhold a pension for misconduct after pension rights vested (cf. Matter of Gordon v. Monaghan, 309 N. Y. 336). Here, there was no vesting of such rights until a resolution had been passed. In the cited case no such resolution was necessary as it concerned a service retirement, which terminates active duty on the date of the notice of retirement.
Finally, this court will not consider the bona fides of the Police Commissioner, in terminating the employment of the petitioner, as such issue is not before it on this article 78 proceeding.
Accordingly, the application is denied and the petition dismissed.