# (October 7, 1965)

■ In the Matter EDWARD P. CONLON, Appellant, v. MICHAEL J. MURPHY, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees, Police Pension Fund, Article 2, City of New York, et al., as Members, Respondents.— Order, entered on November 6, 1964, dismissing the petition for an order directing respondent Police Commissioner and respondent Board of Trustees to retire petitioner forthwith upon the certificate by the Medical Board of Physicians of petitioner's disability, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs and without disbursements, the order of respondent Police Commissioner terminating petitioner's employment in the police department effective July 15, 1964 is vacated, and this proceeding is remanded without prejudice to the right of respondent Commissioner, upon due notice and opportunity to petitioner to be heard, to determine anew whether petitioner's employment in the police department should be terminated, and without prejudice to the rights of petitioner with respect to his application to be retired and the due exercise by respondent Board of Trustees of their discretion in acting upon such application. Petitioner entered the police department in 1947. In May, 1963 he was injured in an accident in the line of duty. In April, 1964 he made application to the respondent Board of Trustees of the Police Pension Fund to be examined by the Medical Board of Physicians to determine his fitness to perform police duty, petitioner stating therein that he believed he was disabled and unfit to perform such duty. Respondent board promptly ordered such examination of petitioner, which was had; and on June 9, 1964 the Medical Board of Physicians certified to respondent Board of Trustees that petitioner was disabled in the line of duty without fault on his part. Thereafter petitioner was notified of such certification and was asked to sign an acknowledgment thereof, a waiver of his right to terminal leave and a request that he be retired from the services of the police force. This he did on July 1, 1964. In early July, 1964 petitioner was asked to testify before a Grand Jury concerning bribery and graft in the police department. He signed a limited waiver of immunity, and testified on some occasions before the Grand Jury; but on July 10, 1964 he declined to testify further until he had an opportunity to consult with his attorney. Because of his refusal to testify at the time, on July 15, 1964 a transcript of his testimony and refusals before the Grand Jury was transmitted to respondent Murphy, the Police Commissioner, who thereupon ordered petitioner's service in the police department terminated as of that date for refusal " to answer certain relevant questions as required under Article 1, section 6 of the Constitution of the State of New York." No hearing was afforded petitioner with respect to his refusal to testify before the Grand Jury. Petitioner's contention that his right to be retired on pension vested automatically on June 9, 1964 when the Medical Board of Physicians certified his disability is untenable. At that time he had not requested retirement, and he did not do so until July 1, 1964. No regular meeting of the Board of Trustees was scheduled or held before the transcript of petitioner's refusals to answer before the Grand Jury was sent to respondent Commissioner on July 15, at which time petitioner's employment was terminated. Thus, petitioner's argument that respondent board failed to act " forthwith " as provided in the Administrative Code (§ B18–43.0) falls. Moreover, action by the Board of Trustees in such a matter is not merely administrative as petitioner contends, but is subject to the exercise of reasonable discretion as to the cause of the disability. (See Rules and Regulations Governing Conduct of Trustees of the New York City Police Pension Fund art. 2, rule 16; *Matter of Bennett* v. *Board of Trustees*, 20 A D 2d 522, affd. 16 N Y 2d 562.) The termination of

petitioner's employment without notice or a hearing, however, presents a different question. We may not assume that petitioner had no legitimate reason for refusing to answer questions on July 10 before the Grand Jury. Every person interrogated concerning his commission of a crime is entitled to counsel upon his request (see *Escobedo* v. *Illinois*, 378 U. S. 478; *People* v. *Donovan*, 13 N Y 2d 148) ; and the record of petitioner's appearance before the Grand Jury shows that he repeatedly pleaded with the District Attorney for permission to consult his attorney before answering. While we have no opinion as to whether petitioner had good reason for refusing to answer, we hold that respondent Commissioner could not dismiss him without giving petitioner an opportunity to explain his refusal. The right to a hearing before action is taken affecting a person's liberty or property rights is an elemental and ancient right. The whole scheme for the enforcement of our criminal laws and the exercise of rights under our civil laws is founded upon notice to the defendant and his right to be heard. Before the petitioner could be dismissed, therefore, upon the charge of refusing to testify as provided in section 6 of article I of the Constitution of the State of New York he was entitled to notice and a hearing. (*Matter of Gardner* v. *Murphy*, 46 Misc 2d 728.) The dismissal of petitioner without notice and hearing was a denial to him of due process of law, and was an arbitrary and illegal act. Concur — Botein, P. J., Breitel, McNally, Eager and Witmer, JJ. [44 Misc 2d 504.]