█  In the Matter of WILFRED H. STORY, JR., Petitioner, v. WILLIAM S. HULTS, as Commisisoner of Motor Vehicles of the State of New York, Respondent.— Proceeding under CPLR article 78 to review and to annul the determination of the Commissioner of Motor Vehicles revoking petitioner's motor vehicle operator's license because of his refusal to submit to a chemical blood test

(Vehicle and Traffic Law, § 1194). Pursuant to statute (CPLR 7804), the proceeding was transferred to this court for disposition. Proceeding dismissed and determination confirmed, without costs. In our opinion, the evidence is sufficient to sustain the findings that (1) the police officer who arrested petitioner had reasonable grounds to believe petitioner was driving while intoxicated; (2) the arrest was properly made; and (3) petitioner was requested to and refused to submit to the test prescribed by statute. All of the errors assigned by petitioner are insufficient in law to overcome the administrative determination adverse to him (*Matter of Finocchairo* v. *Kelly*, 11 N Y 2d 58, cert. den. 370 U. S. 912). Ughetta, Acting P. J., Brennan and Rabin, JJ., concur; Christ and Hopkins, JJ., dissent and vote to remit the proceeding to the Commissioner of Motor Vehicles for a further hearing, with the following memorandum: Petitioner has had his driver's license revoked for failure to submit to an intoxication test. His petition alleges that he was arrested for driving while intoxicated; and that when he was taken to the police station he requested a lawyer and was allowed to telephone to his wife. It is further alleged that his wife procured a lawyer who went immediately to the police station, the place of detention, and the police would not allow the lawyer to see petitioner, even though he appeared at the precinct headquarters within two hours after the arrest. During this custodial period, petitioner repeatedly refused to submit to the chemical test. Subsequently, he pleaded guilty, not to driving while intoxicated, but to the lesser charge of operating a motor vehicle while his ability was impaired. The revocation of his operator's license, after a hearing, rested only on his refusal to submit to the chemical test pursuant to section 1194 of the Vehicle and Traffic Law. We are of the opinion that fundamental requirements of due process were violated by the denial of the police to permit the lawyer of one who, like the petitioner, has been arrested for driving while intoxicated, to see his client. *Matter of Finocchairo* v. *Kelly* (11 N Y 2d 58, cert. den. 370 U. S. 912) does not necessarily hold to the contrary, for there no lawyer had been retained by the accused or had requested permission to see the accused at the time consultation was denied. In the position in which petitioner found himself, he was faced with both a criminal charge and the contingency of the loss of his license. His need for counsel existed for one as well as the other and, once consultation was denied for one, it was denied for the other. When consultation was denied, petitioner's rights under the criminal charges were illegally invaded (cf. *People* v. *Failla*, 14 N Y 2d 178; *People* v. *Donovan*, 13 N Y 2d 148) and we believe that the same principle applies to the ultimately experienced loss of his license (cf. *Matter of Wignall* v. *Fletcher*, 303 N. Y. 435). There is no doubt that counsel was present at the police station, that he requested to see his client and that he did not see him. The record of the hearing does not indicate, however, that the Referee made findings, as to the time of the arrest, as to the time that the lawyer requested permission to see petitioner, or as to the refusal of the police to permit consultation between the lawyer and petitioner. Such findings are vital to the claim by petitioner that due process was violated. Hence, we would remit for a further hearing and the making of findings on these issues.