Chief Judge Fuld.
The defendant stands convicted, on a plea of guilty, of the crime of attempted possession of a hypodermic instrument (Penal Law, §§ 110.00, 220.45). He had pleaded guilty following denial of his motion to suppress evidence seized from him when he was arrested for loitering in violation of subdivision 6 of section 240.35 of the Penal Law which reads as follows :
“ A person is guilty of loitering when he * * *
“ Loiters, remains or wanders in or about a place without apparent reason and under circumstances which justify suspicion that he may be engaged or about to engage in crime, and, upon inquiry by a peace officer, refuses to identify himself or fails to give a reasonably credible account of his conduct and purposes ”.
On May 21, 1970, at about 11:30 at night, Albert .Stokes, just out of the Army, and a friend of his entered the unlocked lobby of a housing authority apartment building located at Eockaway Beach Boulevard in Queens. They briefly talked to a third person in the building and then spoke to one another for about eight to ten minutes. At that point, two housing authority policemen who had been observing the two young men from the manager’s office of the building, entered the lobby, and one of them asked Stokes if he lived in the building. He replied that he did not. The officer then asked him to identify himself and to explain his reasons for being there. Upon Stokes’ reply that “ ‘ I don’t have to show you anything ’ * * * the Army [told me I don’t] have to tell a cop anything ”, the patrolman placed him under arrest for loitering. He then searched Stokes and found in his possession hypodermic instruments and five glassine envelopes which, on later investigation, were found to contain heroin.[1]
The complaint filed on the following day in the New York City Criminal Court charged the defendant with the crimes of crimi *205 nal possession of a dangerous drug in the fourth degree (Penal Law, § 220.15), criminal possession of a hypodermic instrument .(Penal Law, § 220.45) and the violation of loitering (§ 240.35, subd. 6). It recited that “ At [about 11.32 p.m. in the lobby of the apartment building in question] the deponant [sic] observed the defendant loitering about the hallway for approx. 10 minutes and when the deponant approached the defendant and questioned the defendant the defendant refused to comply and refused to identify himself and would give no valid reason for being in the area. When the defendant was placed under arrest he was found to have in his possesion five (5) glassene [sic] envelopes corn taining alleged Heroin one (1) hypodermic instrument, one (1) bottlecap with residue of alleged Heroin, one (1) cooker and one (1) hypodermic needle. ”
Some months after a preliminary hearing at which the complaint was upheld, the defendant moved to suppress the evidence which had been taken from him at the time of his arrest. A hearing on his motion was held in conjunction with his trial on the loitering charge before a judge of the Criminal Court. He denied the motion—after hearing the arresting officer’s testimony— concluding that “ the search- [was] incidental to a lawful arrest ’ ’ and that the defendant ‘[1] is found guilty as charged * * * [of] loitering”. Immediately following this determination— that he was guilty of loitering and that the search and seizure was proper, the defendant entered a plea of guilty to the crime of attempted possession of a hypodermic instrument (Penal Law, §§ 110.00, 220.45). He was placed on probation for a year.
Upon appeal, the Appellate Term modified the resulting judgment, on the law and the facts, by reversing the defendant’s conviction of loitering and dismissing that charge and, as so modified, affirmed the judgment. “ In our opinion,” wrote the court, “ defendant’s guilt of loitering was not established beyond a reasonable doubt. Moreover, insofar as the complaint charged defendant with loitering, it was jurisdictionally defective.” However, the court went on to say, since there was probable cause to arrest the defendant for loitering, the subsequent search was permissible and lawful.
In this court, the defendant urges, first, that the evidence seized from him should have been suppressed on the ground that *206 no probable canse existed to believe that he was “loitering” and, second, that, in any event, the loitering provision (Penal Law, § 240.35, subd. 6), which served as the predicate for his arrest, is unconstitutional.
To justify an arrest for “loitering” under.subdivision 6 of section 240.35, there must be evidence (1) that the suspect is loitering “ in or about a place without apparent reason ”; (2) that the ‘ ‘ circumstances * * * justify suspicion that he may be engaged or about to engage in crime”; and (3) that, “ upon inquiry by a peace officer, [he] refuses to identify himself or fails to give a reasonably credible account of his conduct and purposes ”. Study of the record bears out the defendant’s position that there was no evidence that the circumstances justified a suspicion that he was ‘ ‘ engaged or about to engage in crime ’ ’. Indeed, the complaint filed against him is actually devoid of any such allegation (supra, pp. 204^-205). The evidence reveals no more than that the defendant and a friend were standing in the lobby of an apartment building—concededly one in which they were not residents — carrying on a conversation late at night.
Absolutely lacking is evidence that the policeman had any information whatever — either from his own observations, those of his partner or from some independent source such as a complaint from one of the building’s residents or an informer’s tip — that would have rendered this otherwise innocent uonduct suspicious within the sense of the statute. In addition, both the defendant and his friend were standing in open view and neither was acting in a strange or furtive manner, and neither in any way sought to avoid the encounter with the police. In point of fact, we think the record demonstrates that the défendant was placed under arrest solely and simply because he refused to identify himself or explain his presence in the building. (Cf. People v. Schanbarger, 24 N Y 2d 288, 291.) Such a refusal, however, may not, in and of itself, be a predicate for or justify an arrest or a conviction under the statute. (See, e.g., People v. Schanbarger, 24 N Y 2d 288, 291-292, supra; People v. Merolla, 9 N Y 2d 62, 68; People v. Bell, 306 N. Y. 110.) “While it may be true that there was no reason why the defendant should not have answered the [officer’s] questions,” Judge Burke wrote for the court in the Schanbarger case (24 N Y 2d, at pp. 291-292), also a prosecution for loitering, “ it equally is true that, his failure *207 to answer cannot constitute a criminal act and, particularly, a violation of subdivision 6 of section 240.35.”
The case cited by the court below, in support of its finding of probable cause — People v. Gresham (28 N Y 2d 823) —is quite different from the present one. The defendant Gresham and another youth were standing next to a locked ticket booth in a deserted waiting room of a railroad station at the hour appointed for its closing, certainly not a customary time or place to be carrying on a conversation. Moreover — and the court considered this of high significance-—the defendant’s companion, upon the approach of the stationmaster and an auxiliary police officer, dropped an envelope to the floor and the defendant picked it up and actually ran out of the building with it and disposed of it before returning.
In short, there was here no probable cause for the defendant’s arrest for loitering. This being so, the incidental search was unlawful and the evidence taken from him should have been suppressed.
In the view which we have taken, we find it unnecessary to consider the further contention that the loitering statute (Penal Law, § 240.35, subd. 6) is unconstitutional.
The order appealed from should be reversed and the complaint dismissed.
Judges Bubke, Bbeitel, Jasen, Gabbielli, Jones and Wachtleb concur.
Order reversed, etc.

. Meanwhile, the other officer had permitted Stokes’ friend to leave the premises.