■ In the Matter of PAUL M. LEONARD, Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent revoking petitioner's operator's license. Early in the morning of August 13, 1974 petitioner was arrested by a Saratoga County Deputy Sheriff for operating a motor vehicle while intoxicated. His driver's license was subsequently revoked, after a hearing, for failure to submit to a chemical test pursuant to section 1194 of the Vehicle and Traffic Law. Petitioner maintains he was not driving a vehicle when arrested, a necessary prerequisite to a valid request to submit to a chemical test pursuant to section 1194 of the Vehicle and Traffic Law. Petitioner testified at the hearing that after consuming some beer he returned to his car, turned on the emergency blinker lights and fell asleep without starting the engine. The Deputy Sheriff drastically changed his initial version of what transpired but did testify that he found the petitioner slumped in the seat with his foot on the brake and detected an odor of alcohol. He further testified that the vehicle was partially on the highway with the lights on, that the motor was running and that the car was in gear. This conflicting testimony presented questions of fact and credibility for the Hearing Officer to resolve. He implicitly accepted the testimony of the Deputy Sheriff, which on this record he had a right to do. This being so he could properly conclude that the Deputy Sheriff had a reasonable basis to conclude petitioner was operating the motor vehicle while intoxicated *(Matter of Prudhomme v Hults,* 27 AD2d 234). It follows, therefore, that the Deputy Sheriff properly asked petitioner to take the chemical test. The record also substantiates the finding that petitioner refused. Since there is substantial evidence in the record to support respondent's determination we must affirm *(Matter of Williams v Tofany,* 46 AD2d 708). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.