■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ENGLE, Also Known as ENGLE, Also Known as JOHN ROSATO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 23, 1979, upon resentence, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence found in the car in which he had been seated just prior to his arrest. Judgment reversed, on the law, motion to suppress granted, indictment dismissed, and case remitted to the Supreme Court, Queens County, for the purpose of entering an order, in its discretion, pursuant to CPL 160.50. On Sunday, February 2, 1975, at about 10:00 A.M., Detective Kenneth Winter received a radio message that there was a man slumped over the steering wheel of a car at 81st Street and Liberty Avenue in Ozone Park. He responded to that location in his patrol car and he observed appellant slumped over the wheel of a green Cadillac. He approached the Cadillac and tapped on the driver's window to get appellant's attention, but appellant did not respond. Detective Winter then opened the door and reached in and shook appellant, who had apparently been asleep. Appellant finally awoke and the officer asked him if anything was wrong, but appellant did not answer. At this point Detective Winter noticed that appellant had a laceration over his eye and that blood had trickled down his face and onto his coat. The officer then requested appellant to step out of the car and again asked appellant if anything was wrong. Appellant responded, "No, I'm all right. I'm all right." Detective Winter asked appellant for his licence and registration. Appellant stated that the car was his but that he did not have his license or registration with him. The officer told appellant that he would therefore have to take him to the station house. Appellant turned and placed his right foot "into the kickplate of the car" in an attempt to re-enter the vehicle. As Detective

Winter reached into the car to pull appellant out, he saw the muzzle of a gun protruding from under the arm rest in the front seat. The officer grabbed the gun, a fully loaded Smith & Wesson 357 magnum, and tucked it into his gunbelt. He arrested appellant, gave him a pat-down search, and found a box of ammunition in the right front pocket of appellant's jacket. At the suppression hearing, Detective Winter did not claim to have had a reasonable suspicion that appellant had been engaged in any form of criminal activity. Indeed, he did not remember whether the car engine was running so there is no issue here of suspicion of driving without a license or registration. The suppression court found that appellant's condition provided sufficient reason to justify the detective's inquiries of appellant. The court concluded that the detective was properly in a position to observe the weapon when appellant stepped back into the vehicle and that the gun was therefore properly seized under the plain view doctrine. We disagree. There is no doubt that Detective Winter acted properly in approaching appellant's car. At that point, the officer was engaged in a "public service function" (see *People v De Bour,* 40 NY2d 210, 218-219) since he was attempting to determine if appellant was in need of help. In this same regard, it was not improper for the officer to ask appellant to get out of the car when the latter did not respond to questions concerning his well-being. However, in the absence of a reasonable suspicion that the defendant was engaged in criminal activity, there was no basis upon which to detain him, require that he furnish a registration for the car or identify himself. It follows, then, that there was no predicate for defendant's arrest (see *People v Stokes,* 32 NY2d 202; *People v Schanbarger,* 24 NY2d 288) and, by the same token, the gun was not properly seized under the plain view doctrine because there was no justification for intrusion into the car (see *Coolidge v New Hampshire,* 403 US 443). Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.