**Randall H. LEAF, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–82–503.**

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1983.

Raymond Burger, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan B. Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Randall H. Leaf appeals from his convictions for Possession of Marijuana, Public Drunk and Assault and Battery on a Police Officer (two counts), contending that the trial court should have granted a pretrial motion to suppress.

■ In considering this contention, we must look to the record at the suppression hearing. The trial on the merits is a separate and distinct proceeding, and the evidence therein does not relate back to bolster up the evidence on the motion to suppress. *Dowell v. State,* 95 Okl.Cr. 377, 245 P.2d 455 (1952). Appellant's reliance in his brief on testimony at trial is thus misplaced.

The only witness at the suppression hearing was Lt. R.J. Melton, a twenty year veteran of the Oklahoma City Police Department. He testified that at about 2:00 a.m. on February 22, 1982, as he drove westbound on a city street, he saw two subjects lying motionless in a grassy area some thirteen to fifteen feet from the street. He stopped to check on their welfare.

When one of the men raised up, the officer called out from his cruiser and asked whether the man was alright. The man said he was, and the lieutenant asked him to step over to the car. The officer asked the man his name and what the problem was. The man identified himself, and said that he and his companion were just resting. Since the companion still remained motionless, Lt. Melton asked the man to tell the companion to step over to the cruiser.

The man said something to his companion, and the latter raised up on one elbow and asked the officer what he wanted. The officer asked the man, later identified as appellant, if he was alright. Appellant said that he was, and that it was none of the officer's "f_____ business." The lieutenant, who was still seated in the patrol car, asked appellant to come to the vehicle, which appellant did. The officer again asked appellant if he was alright, and the latter repeated, in a profane manner, that it was none of his business.

The appellant had trouble rising up from the ground, and had to put a hand down to steady himself. He then had difficulty walking to the patrol car, his body swaying as he did so. Appellant was belligerent, incoherent and loud, and it was apparent to the officer that he was under the influence.

The officer asked appellant's name, and was rebuffed as before. Anticipating difficulty, Lt. Melton radioed for assistance. At

one point, appellant said that he was leaving, but the back-up officer arrived just then, and Lt. Melton exited his vehicle and asked appellant for his identification.

Upon a sudden movement by appellant to his pocket, the officers attempted a pat-down search of appellant's clothing. During the course of this search, appellant turned and began swinging and kicking at the officers. Lt. Melton suffered lacerations on his legs, and the back-up officer was treated at a hospital for a bruised sternum. After appellant was subdued, he was advised that he was under arrest for public drunk and assault on an officer. As he was placed in a patrol car, an officer removed a baggie of marijuana from appellant's pocket. Appellant was then advised that he was also under arrest for possession of the drug.

■ The first task is to decide at what point the constitutional protection against unreasonable searches and seizures became relevant in the encounter, i.e., whether and when appellant was "seized" and subjected to "search." *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). It may be concluded that a seizure has occurred when an officer, by means of physical force or show of authority, in some way restrains the liberty of a citizen. Id. 392 U.S. at 19, 88 S.Ct. at 1879, Note 16. The test is whether, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) (Opinion of Stewart, J. with Rehnquist, J., concurring, and three justices concurring in part and concurring in the judgment.)

We assume that appellant was "seized" when the officer personally asked him to approach the car. Appellant had strongly expressed his resentment of the officer's inquiries, yet the officer persisted in his request. Appellant's compliance may well have been submission to the officer's authority, rather than voluntary cooperation on his part.

■ The question then becomes whether it was reasonable at that point for the officer to have acted as he did. *Terry v. Ohio,* supra, 392 U.S. at 19, 88 S.Ct. at 1879. The officer's action must have been justified at its inception, and it must have been reasonably related in scope to the circumstances which justified it. A crucial factor is whether the facts available to the officer at the moment of the seizure or search would warrant a man of reasonable caution in the belief that the action was appropriate. Id. at 21–22, 88 S.Ct. at 1880.

■ An important aspect of a policeman's work is the assistance of those in need of help, the so-called "public service function." See *People v. Engle,* 74 A.D.2d 583, 424 N.Y.S.2d 306 (1980). The facts available to Lt. Melton as he came upon the two individuals warranted his concern that the men may have been the victims of criminal activity, traffic mishap or illness, and fully justified his initial inquiry.

■ His conversation with the first man did not allay his concern for appellant, who remained motionless on the ground. His insistence that appellant approach the car, despite appellant's assurance that he was alright, was not unreasonable. The officer might well have felt compelled to satisfy himself as to appellant's well being, in light of the circumstances of the early morning encounter.

■ When the officer observed conduct reasonably leading him to believe that appellant was intoxicated, he had grounds for an arrest. 37 O.S.1981, § 8(A); 22 O.S. 1981, § 196(1). His subsequent arrest of appellant was lawful. The search which led to the discovery of the marijuana was thus incident to a lawful arrest, and was itself lawful. *Mason v. State,* 603 P.2d 1146 (Okl. Cr.1979).

Accordingly, we find no error in the denial of the motion to suppress, and the judgment and sentence is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.