■ In the Matter of ROSEMARIE SMITH, Petitioner, v JOHN A. PASSIDOMO, as Commissioner of the New York State Department of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Motor Vehicles, dated January 10, 1985, which, after a hearing and appeal, revoked the petitioner's license to operate a motor vehicle and imposed a $100 penalty.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The central issue in this proceeding involves the resolution of credibility between the testimony of two police officers on the one hand and that of the petitioner and a passenger in the petitioner's vehicle on the other hand. The weighing of conflicting evidence and assessment of the credibility of witnesses is for the Administrative Law Judge to resolve *(see, Morina v Passidomo,* 109 AD2d 783; *Matter of Leonard v Melton,* 58 AD2d 669). He implicitly credited the testimony of the two officers. A review of the record reveals that the factual determination that the officers had a reasonable basis both to stop the petitioner and arrest her for driving while intoxicated and that the petitioner subsequently refused, after having been given the appropriate warnings, to submit to a breathalyzer test, is supported by substantial evidence.

Nor was the petitioner deprived of her constitutional right to effective assistance of counsel. The right to counsel mandated by due process has no application to an administrative proceeding such as this *(see, Matter of Finocchairo v Kelly,* 11 NY2d 58, 62 [Van Voorhis, J., concurring], *cert denied* 370 US 912; *Matter of Popper v Board of Regents,* 26 AD2d 871). The holder of a motor vehicle operator's license is not permitted to condition his or her consent to take a chemical test on first consulting an attorney *(see, Matter of Finocchairo v Kelly, supra; Matter of Brady v Tofany,* 36 AD2d 987, *affd* 29 NY2d 680; *Matter of Du Pree v Foschio,* 89 AD2d 800). It follows, then, that contrary to the petitioner's contention, any denial of access to her nephew and friend in this context cannot serve as a functional equivalent of a denial of the right to

counsel. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.