■ TERRY STEVENSON, Petitioner, v THOMAS J. JORLING, as Commissioner of Environmental Conservation, et al., Respondents. [607 NYS2d 836] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The contention of petitioner that the procedures employed at his permit revocation hearing deprived him of due process is devoid of merit. Although petitioner had the right to be represented by counsel at the revocation hearing, that right was conferred by administrative regulation *(see,* 6 NYCRR 622.12 [b] [1] [now 6 NYCRR 622.10 (c) (1)]) and was not guaranteed by the constitutional right to due process *(see, Matter of Smith v Passidomo,* 120 AD2d 599). Thus, the failure to advise petitioner that he had the right to counsel did not deprive him of due process. Petitioner was not denied the right to cross-examine witnesses; he made no attempt to question persons present at the hearing. Respondents' decision expressly states that it was based upon a review of the complete hearing record, and the record otherwise fails to support petitioner's assertion that the final determination was made without benefit of the hearing record.

The certificates of conviction and petitioner's admission to one of the previous convictions constitute substantial evidence in support of the finding that petitioner committed multiple violations of provisions of the Environmental Conservation Law *(see, Matter of Kirk v Hammock,* 119 AD2d 851, 853; *Matter of Crittenden v O'Hare,* 107 AD2d 1070). We further conclude that revocation of petitioner's shellfish digger's permit for two years did not constitute an excessive penalty. (Article 78 Proceeding Transferred by Order of Supreme Court, Suffolk County, McInerney, J.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.