■ In the Matter of STEPHEN B. COOK, Respondent, v PATRICIA ADDUCI, as Commissioner of Motor Vehicles, Appellant. [613 NYS2d 475] —Weiss, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered June 3, 1993 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent revoking petitioner's license to operate a motor vehicle in New York.

Petitioner was arrested by State Trooper James Mastrondi on April 5, 1992 for driving while intoxicated. Mastrondi appropriately advised petitioner of the requisite warnings concerning his obligation to submit to a chemical test or suffer the loss of his driving privileges *(see,* Vehicle and Traffic Law § 1194 [2] [b], [c]). Petitioner contended that he had two hours

in which to submit to the chemical test and sought to condition his submission upon consultation with his attorney. He was informed that he could not condition the test, that he would have ample time to communicate with his attorney after the test and that his continuation of conditions before submission would be deemed a refusal. Mastrondi considered petitioner's persistence to be a refusal. Following an administrative hearing *(see,* Vehicle and Traffic Law § 1194 [2] [b]), petitioner was ultimately found to have refused to submit to a chemical test and his driver's license was revoked pursuant to Vehicle and Traffic Law § 1194, and a $200 civil penalty was assessed.

Petitioner commenced this CPLR article 78 proceeding challenging the determination as erroneous because he was prevented from contacting his attorney prior to being required to submit, or refuse to submit, to the chemical test. Supreme Court analyzed the hearing testimony *(but see,* CPLR 7803 [4]; 7804 [g]; *Collana v Perales,* 123 AD2d 493) and concluded that petitioner had a right to counsel and that conditioning his submission to the test upon consultation with his attorney was not a refusal. Supreme Court therefore annulled respondent's determination and restored petitioner's driver's license. Respondent has appealed and we reverse.

Having been lawfully arrested for driving while intoxicated, petitioner was obligated to submit to a chemical test to determine his blood alcohol level or suffer the loss of his driving privileges *(see,* Vehicle and Traffic Law § 1194). It is well established that "[i]n making his election, the individual may 'not condition his consent on first consulting with counsel' " *(Matter of Gagliardi v Department of Motor Vehicles,* 144 AD2d 882, 884, *lv denied* 74 NY2d 606, quoting *Matter of Brady v Tofany,* 36 AD2d 987, *affd* 29 NY2d 680; *see also, Matter of Finocchairo v Kelly,* 11 NY2d 58, *cert denied* 370 US 912; *Matter of Smith v Passidomo,* 120 AD2d 599; *Matter of Du Pree v Foschio,* 89 AD2d 800; *Matter of Story v Hults,* 27 AD2d 745, *affd* 19 NY2d 936). While indeed, in a criminal proceeding, the failure to comply with a defendant's request for assistance of counsel may result in the suppression of evidence obtained *(see, People v Shaw,* 72 NY2d 1032; *People v Gursey,* 22 NY2d 224), the same consequence does not apply in the context of an administrative license revocation proceeding *(see, Matter of Finocchairo v Kelly, supra).*

Petitioner's contention that there was ample time to permit him to contact his attorney misinterprets the two-hour limitation provided by Vehicle and Traffic Law § 1194, which is

solely for the purpose of qualifying the results of the test for admission into evidence and not to permit an individual to delay his test *(Matter of Viger v Passidomo,* 65 NY2d 705, 707; *Matter of White v Fisher,* 49 AD2d 450, 451). Respondent's determination was supported by the evidence and the law, and must be confirmed.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.