454

2001 OK CR 30

Maria Elizabeth DELGARZA–
ALZAGA, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–2000–1499.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 2001.

Rehearing Denied Dec. 11, 2001.

Michael S. Homsey, Oklahoma City, OK, Attorney for Defendant/Appellant at trial and on appeal.

Clayton Niemeyer, Joellyn McCormick, Assistant District Attorneys, Oklahoma City, OK, Attorneys for the State at trial.

Kellye Bates, Assistant Attorney General, Oklahoma City, OK, Attorney for the State on appeal.

### SUMMARY OPINION

JOHNSON, Vice–Presiding Judge:

¶ 1 Appellant, Maria Elizabeth Delgarza–Alzaga, was charged in Oklahoma County

District Court, Case No. CF–98–8621, with Count 1: Trafficking in Illegal Drugs (63 O.S.Supp.1993, § 2–415) and Count 2: Transportation of Proceeds Derived from a Violation of the Uniform Controlled Dangerous Substance Act (63 O.S.Supp.1998, § 2–503.1). Jury trial was held November 6–7, 2000, before the Honorable Susan P. Caswell, District Judge. The jury returned a verdict of guilty on Count 1 and recommended punishment of ten years imprisonment and a $25,000.00 fine. Appellant was found not guilty on Count 2. On November 13, 2000, the district court sentenced Appellant in accordance with the jury's recommendation, and she has timely perfected this appeal.

¶ 2 Appellant raises the following propositions of error:

1. The search of Appellant's vehicle incident to her arrest was an unconstitutional search.

2. The police officers' initial stop of Appellant was an unconstitutional seizure.

3. The trial court erred in refusing to instruct the jury on the defense of entrapment.

■ ¶ 3 After thorough consideration of the propositions, and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we have concluded that Proposition 2 has merit and requires reversal of Appellant's conviction.

■ ¶ 4 Appellant was stopped by Oklahoma City police based on a tip from a "confidential informant," and drugs and cash were found in her vehicle incident to her arrest arising from that detention. The legality of the vehicle search depends on whether the officers' initial detention of Appellant was proper. Police may stop and question citizens if they have reasonable suspicion that criminal activity is afoot.[1] Because warrantless seizures are presumptively unreasonable under both the state and federal constitutions, the State carries the burden of establishing at the suppression hearing that detaining Appellant, solely on the basis of the informant's tip, was reasonable.[2] That burden was not met here.

■ ¶ 5 The only evidence relevant to reasonable suspicion is found in the preliminary hearing transcript.[3] The arresting officer testified that he stopped Appellant based solely on information from a confidential informant that a woman matching Appellant's description, and driving a vehicle of certain description, arriving at an apartment at a certain time, would be carrying cocaine. Appellant committed no offenses and exhibited no suspicious behavior in the officer's presence[4]; nor did police have any reason to believe Appellant posed a danger to anyone.[5] The only information provided to the court about the informant was that he/she had assisted in other unspecified "arrests" and was considered "trustworthy" by police.

■ ¶ 6 We find the informant's tip was closer to the purely identifying information found insufficient for detention in *Florida v. J.L.*, 529 U.S. 266, 120 S.Ct. 1375, 1378–79, 146 L.Ed.2d 254 (2000) than the predictive information found sufficient in *Alabama v. White*, 496 U.S. 325, 331, 110 S.Ct. 2412, 2416–17, 110 L.Ed.2d 301 (1990). While a tip may be more trustworthy when offered by a reliable informant, there must be some evidentiary basis for the *court* to determine that the informant was in fact reliable, including

1. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1885, 20 L.Ed.2d 889 (1968).

2. *See Lunsford v. State*, 1982 OK CR 168, ¶¶ 11–13, 652 P.2d 1243, 1245–46.

3. A suppression hearing was held after bindover, but only argument was presented. *See Copling v. State*, 1979 OK CR 98, ¶ 6, 600 P.2d 353, 355 (court may consider preliminary hearing evidence in determining legality of arrest and admissibility of resulting evidence).

4. There is no evidence that Appellant was in an area known for drug trafficking, *see Adams v. Williams*, 407 U.S. 143, 147–148, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972); or that she made any furtive gestures or attempted to flee, *see Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000).

5. "When the officer's safety is less directly served by the detention, something more than objectively justifiable suspicion is necessary to justify the intrusion if the balance is to tip in favor of the legality of the governmental intrusion." *New York v. Class*, 475 U.S. 106, 117, 106 S.Ct. 960, 967, 89 L.Ed.2d 81 (1986).

the basis for the informant's knowledge. Here, the informant was never identified, and although the officer personally considered the informant to be trustworthy, the State offered no particulars by which the trial court, or this Court, could objectively evaluate this opinion.[6] In short, while the officers' actions might have been reasonable, the State failed to present sufficient evidence for the court to make such a determination. Without a more sufficient record of the informant's reliability, independent police corroboration, and/or other suspicious circumstances, we cannot find the officers' actions in stopping Appellant reasonable.[7] U.S. Const. Amend. IV; Okla. Const. art. 2, § 30. We therefore **REVERSE** Appellant's conviction with instructions to **DISMISS**. Because of our disposition of the case on these grounds, Propositions 1 and 3 require no discussion.

## DECISION

¶ 7 The Judgment and Sentence of the district court is **REVERSED WITH INSTRUCTIONS TO DISMISS.**

CHAPEL, STRUBHAR, JJ., concur.

LILE, J., dissents.

LUMPKIN, P.J., joins in LILE's dissent.

LILE, Judge: dissents.

¶ 1 I respectfully dissent because I believe this decision takes us out of the mainstream of search and seizure law. Based upon our prior cases, the trial court would not have been able to predict this outcome. The officers had a clear basis for probable cause-far beyond the required articulable suspicion. I believe the officers would have been delin-

quent in their duties to have failed to act under these circumstances. I would affirm the conviction and sentence.

¶ 2 I am hereby authorized to state that Judge Lumpkin joins in this Dissent.

---

6. The basis of the informant's knowledge, a significant factor in assessing the reasonableness of the detention, was never established in this case. At trial, the arresting officer finally hinted that the informant might have lived at the apartment where Appellant knocked; but even this was never clearly established. *See also Leaf v. State,* 1983 OK CR 167, ¶ 2, 673 P.2d 169, 170 (evidence presented at trial does not relate back to bolster evidence on motion to suppress).

7. Appellate review of trial court determinations about reasonable suspicion to make a warrantless stop is markedly less deferential than review

of determinations about probable cause to issue a warrant. "The Fourth Amendment demonstrates a 'strong preference for searches conducted pursuant to a warrant' ... [P]olice are more likely to use the warrant process if the scrutiny applied to a magistrate's probable-cause determination to issue a warrant is less than that for warrantless searches. Were we to eliminate this distinction, we would eliminate the incentive." *Ornelas v. United States,* 517 U.S. 690, 698–99, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996) (citation omitted).