■ In the Matter of JEFFREY CLARK, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [864 NYS2d 810]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [James P. Murphy, J.], entered December 28, 2007) to annul a determination of respondent. The determination revoked petitioner's driver's license.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated (DWI). We confirm the determination. Contrary to the contention of petitioner, having been lawfully arrested for DWI, he was not entitled to condition his consent to submit to a chemical test on first consulting with his attorney (see Matter of Brady v Tofany, 36 AD2d 987 [1971], affd 29 NY2d 680 [1971]; Matter of Cook v Adduci, 205 AD2d 903, 904 [1994], lv denied 84 NY2d 811 [1994]). "While indeed, in a criminal proceeding, the failure to comply with a defendant's request for assistance of counsel may result in the suppression of evidence obtained . . . , the same consequence does not apply in the context of an administrative license revocation proceeding" (Cook, 205 AD2d at 904). Petitioner further contends that he did not receive an impartial hearing because the administrative law judge (ALJ) acted as an advocate for respondent by questioning the witnesses. We reject

that contention. The ALJ's questioning concerned whether the officer had reasonable grounds to arrest petitioner for DWI, whether petitioner was given a sufficient warning that his refusal to submit to a chemical test would result in the immediate suspension and subsequent revocation of his license, and whether petitioner refused to submit to a chemical test (*see* Vehicle and Traffic Law § 1194 [2] [c]). There is no indication in the record that the ALJ was not impartial (*see Matter of Eckler [Commissioner of Labor]*, 254 AD2d 672, 673 [1998]; *Matter of Boudreau [Commissioner of Labor]*, 253 AD2d 939 [1998]; *Matter of Carota Enters. v Jackson*, 241 AD2d 667, 669 [1997]). We have examined petitioner's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.