The People of the State of New York, 
against
Jose Bastista, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Patsy Gouldborne, J.), dated April 10, 2018, which granted defendant's motion to dismiss the counts of the accusatory instrument charging him with driving while intoxicated per se and aggravated driving while intoxicated per se.




Per Curiam.
Order (Patsy Gouldborne, J.), dated April 10, 2018, reversed, on the law, the counts of the accusatory instrument charging defendant with driving while intoxicated per se and aggravated driving while intoxicated per se are reinstated, and the matter remanded to Criminal Court for further proceedings.
Criminal Court erred in dismissing the counts of the accusatory instrument charging driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2]) and aggravated driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2-a][a]) on speedy trial grounds. The People's October 18, 2017 statement of readiness, filed along with the superseding information and supporting deposition, effectively stopped the "speedy trial" clock, inasmuch as the counts of the accusatory instrument pertaining to the Vehicle and Traffic Law §§ 1192(2) and 1192(2-a)(a) charges were "deemed" converted to an information on that date (CPL 170.65[1]). Contrary to the conclusion reached below, the supporting deposition of the of the Intoxicated Driver Test Unit ("IDTU") officer who "administer[ed] a chemical breath test to the defendant," resulting in a ".215 percentum by weight of blood alcohol," satisfied the nonhearsay requirement of CPL 100.40(1)(c), with respect to the blood alcohol level element of the offenses (see People v Collucci, 36 Misc 3d 145[A], 2012 NY Slip Op 51618[U][App Term, 1st Dept 2012], lv denied 20 NY3d 931 [2012]). 
We have examined defendant's present argument that the accusatory instrument was required to allege that the chemical analysis of his breath was made within two hours of his arrest, or with his consent, and, to the extent that the argument is properly before us, find it to be without merit (see Matter of Cook v Adduci, 205 AD2d 903 [1994], lv denied 84 NY2d 811 [1994]; see also People v Atkins, 85 NY2d 1007 [1995]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 30, 2019