Matter of McCaul v New York State Dept. of Motor Vehicles (2020 NY Slip Op 00277)





Matter of McCaul v New York State Dept. of Motor Vehicles


2020 NY Slip Op 00277


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-09410
 (Index No. 51301/18)

[*1]In the Matter of Patrick N. McCaul, petitioner,
v
New York State Department of Motor Vehicles, respondent.


Niall MacGiollabhui, New York, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Philip J. Levitz of counsel), for respondent.



DECISION & ORDER
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated January 4, 2018, affirming a determination of an administrative law judge dated June 15, 2017, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.
ADJUDGED that the determination dated January 4, 2018, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was arrested after he was found slumped behind the wheel of his car, which was stopped at a gas station between the gas pumps and the parking spaces, with its engine running and its lights on. The police lieutenant who first encountered the petitioner knocked on the car window several times in an attempt to awaken the petitioner. When the petitioner did not respond, the lieutenant opened the unlocked driver's side door and shook the petitioner. The lieutenant, who detected the strong odor of an alcoholic beverage and observed the petitioner to be intoxicated, requested assistance. Upon responding to the scene, the arresting police officer, inter alia, detected the strong odor of an alcoholic beverage and observed that the petitioner had bloodshot eyes, slurred speech, and was unsteady on his feet. The petitioner performed poorly on field sobriety tests and would not cooperate with a preliminary breath test. At the police station, the petitioner spoke to an attorney by telephone in the presence of the arresting officer before refusing a chemical test.
A hearing pursuant to Vehicle and Traffic Law § 1194(2)(c) was held on June 15, 2017, before an administrative law judge (hereinafter the ALJ). Following the hearing, the ALJ determined that the petitioner refused to submit to a chemical test and imposed a mandatory license revocation. The determination was affirmed by the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board). The petitioner commenced this [*2]proceeding pursuant to CPLR article 78 to review the Appeals Board's determination. The proceeding was transferred to this Court pursuant to CPLR 7804(g) by order of the Supreme Court, dated August 1, 2018.
Substantial evidence supports the determination revoking the petitioner's driver license for refusing to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 (see Matter of Schoonmaker v New York State Dept. of Motor Vehs., 33 NY3d 926, 928; Matter of Vasquez v Egan, 174 AD3d 811).
The evidence adduced at the hearing, including the arresting officer's written report of the petitioner's refusal to submit to a chemical test, a narrative report of the arresting officer, a supplemental narrative report of the police lieutenant who first encountered the petitioner, and the petitioner's testimony, demonstrated that the police had reasonable grounds to believe that the petitioner had been driving a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 and that the police had probable cause to arrest the petitioner (see Vehicle and Traffic Law § 1194[2][c]; Matter of Schoonmaker v New York State Dept. of Motor Vehs., 33 NY3d at 928; Matter of Vasquez v Egan, 174 AD3d 811). Contrary to the petitioner's contention, substantial evidence supports a finding that the lieutenant who first encountered the petitioner, whether acting in the performance of his public service function or in the performance of his role as an agent of law enforcement, was justified in approaching the petitioner's vehicle, upon observing the petitioner slumped over in the driver's seat of the vehicle, and in opening the unlocked driver's side door, when the petitioner did not respond to several attempts to awaken him by knocking on the window (see People v De Bour, 40 NY2d 210, 215; People v Spencer, 289 AD2d 877, 879; People v Engle, 74 AD2d 583, 583-584; People v Cosimano, 40 Misc 3d 132[A], 2013 NY Slip Op 51141[U] [App Term, 2d Dept, 9th & 10th Jud Dists]).
The evidence adduced at the hearing also demonstrated that, after the petitioner's arrest, the petitioner was given sufficient warning of the consequences of refusing to submit to a chemical test, and that the petitioner refused the officer's request to submit to such a test (see Vehicle and Traffic Law § 1194[2][c]; Matter of Vasquez v Egan, 174 AD3d 811). The petitioner's contention that he was deprived of his limited right to counsel because the arresting officer did not allow him to have a private conversation with his attorney is without merit (see Matter of Finocchairo v Kelly, 11 NY2d 58, 60; Matter of Clark v New York State Dept. of Motor Vehs., 55 AD3d 1284, 1284; Matter of Cook v Adduci, 205 AD2d 903, 904; Matter of Smith v Passidomo, 120 AD2d 599, 599)
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court