**William Charles COPLING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–346.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1979.

**354**

Jerry C. Cude, Cude & South, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Danny K. Shadid, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, William Charles Copling, has appealed his conviction of Robbery With Firearms in the District Court, Comanche County, Case No. CRF–77–663. He contends that the evidence presented against him was insufficient to sustain a conviction, and that much of the evidence presented should have been excluded.

We will begin our discussion with the appellant's second assignment of error, that certain evidence was erroneously admitted by the trial court. He divides this assignment into three parts, which we will treat separately.

■ First, the appellant argues that a complete chain of custody was not established for certain evidence: a white bag, a sawed-off rifle and a billfold. A careful review of the testimony establishes a complete chain of custody. The appellant's contention is based upon contradictory testimony concerning the chain of custody given by Officer Larry Mahamad. However, the proof was still adequate to sustain the foundation necessary for admissibility, and any doubt concerning the evidence would go to its weight. See *Racy v. State*, Okl.Cr., 520 P.2d 375 (1974), and *Contu v. State*, Okl.Cr., 533 P.2d 1000 (1975).

■ Next, the appellant complains that his warrantless arrest by the police was unlawful and that the resulting evidence seized should have been suppressed. The arrest clearly falls within the provisions of 22 O.S.Supp.1978, § 196. The test to be applied is whether at the moment the arrest was made the facts and circumstances within the arresting officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man's belief that the arrestee had committed or was committing an offense. *Duke v. State*, Okl.Cr., 548 P.2d 230 (1976), and *State v. McLemore*, Okl.Cr., 561 P.2d 1367 (1977).

■ Application of this test to the instant case leads us to the conclusion that the arrest was lawful. The fact of the robbery was broadcast over the police radio, along with descriptions of the suspects. Officer Mahamad spotted and pursued two suspects, capturing one. The second suspect, whose description was the same as the appellant's, dropped a white bag containing

a billfold with a badge and a sawed-off rifle, all similar to items used in the robbery. The billfold contained a driver's license, social security card, and other papers identifying the appellant. This information is of a sufficiently trustworthy nature to persuade a reasonably prudent man that the appellant had participated in the robbery. It follows that the police officer acted properly in arresting the appellant without a warrant, and the evidence which flowed from the arrest was therefore admissible.

■ The appellant's contention that the proceedings of the preliminary hearing were improperly considered by the trial court in determining the legality of the arrest and the admissibility of resulting evidence is without foundation. Since the transcript of the preliminary hearing is as much a part of the record as the trial transcript, it has been properly considered both at the trial and on appeal.

■ Finally, the appellant claims that he was not properly advised of his constitutional rights when he was arrested so that information which he gave when being booked should have been suppressed. During the trial, the appellant objected to the introduction of the fact that he gave his social security number while being booked, on the grounds there was no showing that he had been advised of his rights. The objection was sustained. The arresting officer then testified that he had read the appellant his rights from a *Miranda* card. He testified from memory as to what rights were included, but failed to include the right to have counsel appointed if he so desired and could not afford one. After this, the testimony again contained information, such as the appellant's social security number, which was obtained during booking. Since the introduction of this testimony was not objected to at this time, the appellant's attorney must have been satisfied with the State's proof of the *Miranda* warning. Compare *Hazelwood v. State*, Okl.Cr., 538 P.2d 1072 (1975).

■ We thus find that all evidence was properly admitted and we accordingly turn to the appellant's only other assignment of error, which is that the evidence was not sufficient to sustain the conviction. It is true that a conviction upon circumstantial evidence cannot be sustained unless the proof presented excludes every reasonable hypothesis except that of guilt. *Tharps v. State*, Okl.Cr., 555 P.2d 1054 (1976), and *Roth v. State*, Okl.Cr., 532 P.2d 1397 (1975). And the proof is not sufficient if it only raises a suspicion, or a mere probability, of guilt. But when there is sufficient evidence, although circumstantial, from which the jury may reasonably and logically find the appellant guilty, the weight, credibility and probative effect of such evidence is for the trier of fact, and this Court will not reverse for insufficiency. *Luker v. State*, Okl.Cr., 552 P.2d 715 (1976).

■ The evidence in the instant case was sufficient to sustain the verdict. Two men committed a robbery at a motel room in Lawton. They gained admission to the room by showing silver badges and claiming to be narcotics agents who needed to use the room for surveillance purposes. After entering the room, one man drew a sawed-off rifle from a white bag and the robbery was committed. Later that same day, two police officers on patrol saw two men fitting the broadcast descriptions of the robbers. When the two men saw the officers approaching, they fled. One was captured and one escaped, although in fleeing he dropped his white bag. Within the bag was a sawed-off rifle and a billfold. The billfold contained a silver badge and items of identification in the appellant's name. That night the appellant was arrested at a hotel in Lawton, and in a search of the room officers found a key to the motel room where the robbery had been committed. While the victim could not identify the appellant as one of the robbers, all of the evidence leads to a single conclusion, the guilt of the appellant.

The judgment and sentence of five (5) years' imprisonment are *AFFIRMED*.

BRETT and BUSSEY, JJ., concur.