**Richard Daniel ASHFORD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–201.**

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1979.

---

Stanley D. Monroe, App. Public Defender, Tulsa County, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

As a result of the death of 8-month-old Jason Barnett, the appellant, Richard Daniel Ashford, was convicted of Manslaughter in the First Degree in the District Court of Tulsa County, Oklahoma, Case No. CRF–78–714. The appellant lived with the baby's mother, Carol Barnett, and there was evidence that he hit the child frequently. Although Ms. Barnett previously told

the authorities that a dog had knocked Jason to the floor, at trial she testified that was not true and that the statement was made out of fear of the appellant.

## I

The appellant first argues that the evidence presented at the preliminary examination was not sufficient to justify binding him over for trial. His specific contentions are that he was not linked to the death of the child in any way, and even if he was, there was no showing that he committed any acts "imminently dangerous to another person and evincing a depraved mind," as the information alleged.

After reviewing the transcript of the preliminary hearing, we find the appellant's claim to be frivolous. The officers who went to Ms. Barnett's residence found a dead baby with extensive external bruises. When they questioned Ms. Barnett and the appellant, they were told that the child had been hit with a belt because he had not eaten in two days. Other injuries were attributed to a small puppy, which had allegedly knocked the baby to the floor. The pathologist who examined the baby's body found extensive external injuries less than 24 hours old, as well as internal bruising of the scalp and subdural hemorrhages beneath the skull. Other injuries appeared to have been from five days to two weeks old, and there were partially healed fractures four to eight weeks old. This evidence was sufficient to justify binding over for trial.

## II

During cross-examination of Ms. Barnett, the appellant's attorney attempted to ask her about her expectations of leniency in return for her testimony. After she testified that there had been no agreement concerning the charges filed against her, the attorney asked this question:

"Q. But you would imagine that it would be more favorable since you testified; is that correct?

"MR. MUSSEMAN: Your Honor, I object to the conclusion. She already stated she doesn't know."

The appellant asserts that it was error for the trial court to sustain this objection.

In *Runnels v. State,* Okl.Cr., 562 P.2d 932 (1977), this Court discussed the Supreme Court cases bearing on this issue and derived a three-part test concerning the possibility of a denial of due process. One consideration under this test is whether the trier of fact has been prevented from properly evaluating the case against the defendant. In *Mays v. State,* Okl.Cr., 594 P.2d 777 (1979), we found that the jury's deliberations were tainted by a similar objection. In the present case, however, Ms. Barnett said three times that she had no indication of the District Attorney's intentions. While it would not have been error for the court to allow the question to be answered, neither was it error to bar an answer.

## III

The next issue for consideration concerns evidence of other crimes, i. e., evidence of the baby's older injuries. We believe this evidence was admissible because it was material to show the absence of mistake or accident. At trial, the pathologist testified that "battered child syndrome" is a medical term describing a "condition which is seen in infants or small children, usually, which is characterized by the presence of multiple injuries of various degrees of severity and of varying ages indicating repeated episodes of trauma, and it is a characteristic finding in children who have been mistreated in some way by another person." The battered child syndrome has been recognized in other jurisdictions. See, for instance, *People v. Ellis,* Colo.App., 589 P.2d 494 (1978); *People v. Henson,* 33 N.Y.2d 63, 349 N.Y.S.2d 657, 304 N.E.2d 358 (1973); and *People v. Jackson,* 18 Cal.App.3d 504, 95 Cal.Rptr. 919 (1971). In a case of this nature, the past injuries are admissible to counter any claim that the latest injury happened through accident or simple negligence. The pattern of abuse is relevant to show the intent of the act.

## IV

The fourth and fifth allegations of error will be treated together. At the trial, the

appellant correctly argued that Ms. Barnett was an accomplice and that her testimony required corroboration. He objected to the trial court's instructions on accomplices and corroboration and offered an instruction which the trial court rejected. On appeal, the appellant insists that his requested instruction should have been given. He also maintains that the State failed to corroborate Ms. Barnett's testimony.

Neither of these arguments possesses merit. The State proved that the appellant lived with Ms. Barnett and her baby and that the baby's bruises began appearing after he moved into the apartment. A visitor in the apartment saw the appellant strike the baby about a week before he died. This evidence plus the evidence of the battered child syndrome, was clearly enough to corroborate Ms. Barnett's testimony that the appellant beat her child.

The State claims that the issue concerning the requested instruction is not properly before the Court because the requested instruction is not contained in the record. Having examined the requested instruction, we find the only significant difference between it and the instruction given is the emphasis placed on the credibility of the witness. The trial court fairly and correctly gave the jury the law applicable to the case. The mere fact that the same law could have been couched in other language is not error.

The judgment of guilt and sentence of forty (40) years is *AFFIRMED*.

BRETT and BUSSEY, JJ., concur.