Eugene Edward **HALL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–79–99.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1981.

Demetri Anastasiadis, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

A Second Degree Murder conviction and an indeterminate sentence of ten (10) years to life imprisonment form the basis of this appeal. Eugene Edward Hall was convicted on November 15, 1976, in Oklahoma County Case No. CRF–76–3687.

Three points of error are urged to support this appeal, alleging that the appellant was prejudiced by the following: (1) admission of certain photographs, (2) an unconstitutional instruction on intent, and (3) comments regarding his exercise of the Fifth Amendment right to remain silent.

Sweet Charlie's tavern, in Oklahoma County, was the scene of a homicide on the evening of June 7, 1976. The appellant was arrested at the scene of the crime and testified at trial that he acted in self-defense.

■ First, the admission of certain photographs taken of the deceased at the scene of the homicide is alleged as error. The well established rule is that the admissibility of photographs is a matter for the discretion of the trial court, whose decision will stand absent a showing of abuse. *See, Noah v. State*, Okl.Cr., 562 P.2d 950 (1977). Although it is error to receive into evidence gruesome photographs designed primarily to appeal to the jury's negative emotions, such photographs are legally relevant when they are logically relevant to the issues before the court and their probative value outweighs any danger of prejudice. *Rowbotham v. State*, Okl.Cr., 542 P.2d 610 (1975).

■ Here, the primary question at trial was whether Hall had acted in self-defense.

Although the photographs were admitted prior to the presentation of the defense, they did tend to refute that claim. Furthermore, the location of the victim's body and the number and location of his wounds were established by these exhibits. We are unpersuaded that there was an abuse of discretion by the trial court in admitting the photographs.

At the time of this homicide, the second degree murder statute included a category requiring specific intent.[1] Although this statute has been repealed and superseded by a statute which clearly eliminates intent,[2] we are concerned here with treatment of the intent element under the old statute.

The appellant contends that he was denied his right to due process by the court's fifth instruction to the jury. That instruction, which follows, allegedly relieved the State of its burden to prove each and every element of the crime:

You are also instructed that a design to effect the death of a human being is inferred from the fact of the killing until the circumstances raise a reasonable doubt whether such design existed.

This instruction is in accord with 21 O.S. 1971, § 702, which reads as follows:

A design to effect death is inferred from the fact of killing, unless the circumstances raise a reasonable doubt whether such design existed.

■ We first note that the appellant fails to show that an objection was made to the instruction at trial and our search of the record reveals no such objection. Our longstanding requirement is for the correction of error at trial so relitigation can be avoided. *Daniels v. State*, Okl.Cr., 554 P.2d 88 (1976). It is the view of this Court that unless an exception is saved, there is nothing to review unless the error is so funda-

1. "When perpetrated without authority of law, and with a premeditated design to effect the death of a person . . ." *See*, 21 O.S.Supp.1975, § 701.2(1).

2. "When perpetrated by an act imminently dangerous to another person and evincing a

depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual . . ." *See*, Laws 1976, 1st Exec. Sess., ch. 1, § 2, effective July 24, 1976; now, 21 O.S.Supp.1979, § 701.8(1).

mental in nature that it denied the defendant a fair and impartial trial. In *Skinner v. State*, 439 P.2d 962 (Okl.Cr.1968), we stated that:

If the counsel is dissatisfied with instructions given, or desires court to give particular instruction, or more definitely or sufficiently state any propositions embraced in instructions, it is counsel's duty to prepare and present to the court such desired instruction and request that it be given. Counsel should take exceptions to any failure of the court to give said requested instruction.

■ In this case, the instructions taken as a whole fully informed the jury of the State's burden of proof on the question of the appellant's "design to effect death." The trial court instructed that:

(1) An essential element of the crime that must be proved beyond a reasonable doubt to prove murder in the second degree is that the killing was with a design to effect death;

(2) If you find under the evidence and beyond a reasonable doubt that the deceased was killed under circumstances amounting to murder in the second degree, which includes a premeditated design to effect death, you shall find the crime has been committed;

(3) If you entertain a reasonable doubt as to the guilt of the defendant of murder in the second degree, you should find the defendant not guilty;

(4) You must conclude unanimously that the State has proved the defendant guilty of such charge or of such lesser included offense beyond a reasonable doubt, and should you entertain a reasonable doubt, you must resolve that reasonable doubt in his favor and acquit him.

We find that the trial judge properly instructed the jury of the State's burden of proof on the issue of intent and that the potentially harmful effect of the instruction complained of was cured. We find no fundamental error.

■ We further note that a presumption may be utilized, provided that it does not alter the State's ultimate burden of proving each element of the crime beyond a reasonable doubt. There must be a rational connection between the basic facts proved and "the ultimate fact presumed, and the latter is 'more likely than not to flow from' the former." *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

In accordance with the Oklahoma Evidence Code, the trial judge shall instruct the jury that it "may regard the basic facts as sufficient evidence of the presumed fact, but is *not* required to do so." 12 O.S.1980, § 2304(C). Title 12, Section 2304 of the Oklahoma Statutes provides:

B. The court shall not direct the jury to find a presumed fact against the accused. The court may only submit the question of the existence of the presumed fact to the jury, if a reasonable juror considering the evidence as a whole, including the evidence of the basic facts, could find the presumed fact beyond a reasonable doubt.

C. Whenever the existence of a presumed fact against the accused establishes guilt or is an element of the offense or negatives a defense and is submitted to the jury, the judge shall give an instruction explaining that the jury may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so. Where the presumed fact establishes guilt, is an element of the offense or negatives a defense, the judge also shall instruct the jury that its existence must be proved beyond a reasonable doubt.

■ The final argument is that the State, in its case-in-chief, improperly questioned a police officer regarding the appellant's post-arrest silence. The challenged testimony was elicited from the arresting officer by the prosecutor and seems to have been aimed at rebutting a self-defense argument, although there had been no evidence presented by the defendant at that point in the trial. There is a conflict regarding what transpired at the arrest, but two officers testified that the appellant ad-

mitted that he had killed the victim, after which he was arrested. Subsequent to the appellant being advised of his *Miranda* rights, he said nothing regarding the homicide. The fact that he was silent was inferred against him in the following testimony:

[By the Officer] ... At this time I did advise him of his constitutional rights fully and asked him if he understood his rights and he advised he did.

[By the Prosecutor] Did he reaffirm his statement that he had shot him?

[Officer] No, sir.

. . . .

[Officer] Did he tell you that the deceased had a gun at that time?

[Defense Attorney] Objection, Your Honor.

[The Court] Overruled.

The appellant's silence was again referred to in closing argument when the prosecutor stated that the arresting officer had "[taken] a statement" from the appellant at which time appellant had not mentioned that the deceased was carrying a gun. In *Burroughs v. State*, 528 P.2d 714 (Okl.Cr.1974), we held:

There is a presumption that error of this kind is prejudicial, and in reviewing a case it becomes necessary for this Court to give full consideration to the record and determine whether said presumption has been overcome and that prejudice did not result.

We have thoroughly reviewed the record and find that the presumption of prejudice arising from the comments on the appellant's post-*Miranda* silence was cured. The appellant's self-defense theory was heavily discredited by the State in the case-in-chief and on rebuttal. Hall's own testimony was that he killed the victim as he sought to flee. Additionally, the improper comments followed testimony that Hall confessed the killing to officers at the scene. He was then given *Miranda* warnings. It is readily apparent that the appellant was silent about his self-defense theory even before the *Miranda* warnings were given. Therefore, we hold that the remarks in question

did not significantly add to the adverse inferences to be drawn.

We further observe that this alleged error was not properly preserved for review, since the matter was not raised in the appellant's motion for a new trial and there was no objection to the prosecutor's comments during closing argument. *See, Engram v. State*, 545 P.2d 1285 (Okl.Cr.1976).

The judgment and sentence is AFFIRMED.

BRETT, P. J., dissents.

BUSSEY, J., concurs.

BRETT, Presiding Judge, dissenting:

I respectfully dissent to this decision for the reason I believe the elements of the crime must be proved beyond a reasonable doubt. Failure to prove the elements of a crime constitutes fundamental error. That type error can be raised whether objected to at trial or not. *Rea v. State*, 3 Okl.Cr. 281, 105 P. 386 (1909). Further, I believe the United States Supreme Court decision in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), is applicable to this situation. See also, my special concurrence in *Assadollah v. State*, 632 P.2d 1215 (Okl.Cr.1981). I would reverse and remand this conviction for a new trial.

BUSSEY, Judge, concurring:

I agree that the trial court did not abuse its discretion in admitting the photographs now complained of by the defendant, this being true, the judgment and sentence should be affirmed. The defendant's other assignments of error were not properly preserved for review on appeal and therefore do not warrant discussion. See *Hanna v. State*, 560 P.2d 985 (Okl.Cr.1977), and *Phipps v. State*, 572 P.2d 588 (Okl.Cr.1977).