John Randall MARKS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–753.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1982.

H. Lee Schmidt, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

John Randall Marks, the appellant, was tried and convicted for the crime of Larceny of Aircraft, After Former Conviction of a Felony, pursuant to 21 O.S.1981, § 1720, in the District Court of Pottawatomie County, Oklahoma, Case No. CRF–79–370. The appellant was represented by counsel and tried by a jury. Punishment was set at 10 years' imprisonment.

A Cessna 210 aircraft was owned by D.L. Rogers and kept and serviced by Keith Aviation at the Shawnee Municipal Airport. Keith Aviation had a set of keys to the aircraft in its office at the airport. Sometime during the night of December 1, 1979, the office was broken into and the keys to the aircraft were stolen. During that same night, without the permission of either Mr. Rogers or Keith Aviation, the airplane was removed from in front of Keith Aviation where it was tied down. The aircraft was subsequently discovered near the Earlsboro exit of Interstate 40 where the pilot of the stolen plane had made a landing. Blood found inside the airplane indicated that the pilot had been injured during the landing. A photograph of the appellant showing facial injuries present at the time of arrest was entered as evidence. The injuries suffered by the appellant were consistent with those probably suffered by the pilot. A ballcap was also found in the airplane. Testimony from an OSBI chemist indicated that hair found in the ballcap matched that taken from the appellant. Blood samples taken from the airplane and from the appellant also matched.

Mark J. Reisdorfer, a pilot/flight instructor employed by Keith Aviation, testified that he had given the appellant flying lessons, that the appellant was capable of taking off and flying the aircraft by himself, but had not yet landed without assistance.

Another witness for the State, Ronald D. Stanley, testified that he was traveling west on I–40 at 1:45 a.m., on December 2, 1979, when he saw an airplane coming toward him that appeared to be out of control. After the plane landed very roughly, he hurried to the site to offer assistance. When he arrived, he saw a person whom he identified at trial as the appellant, sitting on the airplane door which was laying on the ground. He described the person as having blood on his face and wearing a green fatigue jacket.

Francis M. Uhlfelder, who lives approximately 5 miles from where the aircraft was found, identified the appellant as the person who came to his door at 4:48 a.m., December 2, 1979, asking to use the telephone. Mr. Uhlfelder testified that the person identified himself as John, indicated he had been in an accident, and gave Mr. Uhlfelder a telephone number to call. Mr. Uhlfelder described the person as having blood on his face and wearing a green military-type jacket.

The appellant took the stand as the sole defense witness. He admitted that he stopped at Mr. Uhlfelder's house to use the telephone, but he claimed his injuries were sustained when he fell from a moving automobile. He said that he had been hitchhiking and did not know the people who had given him the ride.

In his first proposition of error, the appellant complains of several references to other crimes that were made during the course of the trial. He claims that none of the other crimes evidence was admissible as none of it fell within the five exceptions set out in *Burks v. State,* 594 P.2d 771 (Okl.Cr. App.1979).

The first reference to another crime was made by the owner of the aircraft. He testified that the appellant stole the keys to the aircraft. The second reference was by an employee of Keith Aviation, who described the burglary of the offices during which the aircraft keys were taken.

Of the five exceptions to the other crimes exclusion, the only exception which could possibly apply in the present appeal is the common scheme or plan exception. The evidence falls within this exception because the burglary of the office and the larceny of the aircraft are "connected or related

transactions, and proof of one becomes relevant in proving the other." *Atnip v. State,* 564 P.2d 660 (Okl.Cr.App.1977). To fall within the common scheme or plan exception, there must be a visible connection between the crime charged and the crime sought to be proved, not between the other crime and the defendant. *Roulston v. State,* 307 P.2d 861 (Okl.Cr.App.1957). A visual connection is shown whenever there is established a common scheme or plan where the crime is committed to prepare the way for another and the commission of the second crime is made to depend upon the perpetration of the first.

We were faced with a similar factual situation in *Burks v. State,* 568 P.2d 1311 (Okl.Cr.App.1977). In that case the defendant was convicted for the unauthorized use of a motor vehicle. On appeal, the defendant cited as error the admission of testimony concerning the burglary of the home of the owner of the automobile. We held that the testimony was "admissible for the purpose of showing how the defendant could have obtained the keys to the automobile in question. The evidence concerning the method of obtaining the car keys was relevant and had probative value." Id. at 1313.

■ No error was committed when evidence of the office break-in was brought out at trial. The burglary of the office and subsequent larceny of the aircraft were so interrelated that proof of one tended to prove the other. We upheld the admission of testimony of a prior burglary in *Burks,* supra, and adopt the same reasoning in upholding the admission of the evidence in the case at bar. Furthermore, no objection was ever made to the admission of this evidence and it was therefore not properly preserved for appellate review.

■ In his closing argument, the prosecutor referred to the office break-in. To do so was not improper, as claimed by the appellant, as the prosecutor was merely restating the properly admitted evidence or drawing a reasonable inference thereon. *Reeves v. State,* 601 P.2d 113 (Okl.Cr.App. 1979).

Also assigned as error by the appellant was the admission of the ballcap into evidence. At trial, he objected to its admission on the grounds that it was incompetent, irrelevant, and did not tend to prove any material issue in the case. On appeal, he claims that it was error to admit the cap because the attached evidence report referred to Burglary II, as well as Larceny of Aircraft.

■ When a specific objection is made at trial to the admission of evidence, no different objection will be considered on appeal. *Cotts v. State,* 34 Okl.Cr. 59, 244 P. 817 (1926). Because the appellant failed to object to the admission of evidence on the grounds that it referred to another crime, he cannot now raise the issue. Furthermore, the reference on the report to the burglary was not an isolated reference to the other crime, evidence of which was properly admitted during trial.

■ A requirement was enunciated by this Court in *Burks v. State,* 594 P.2d 771 (Okl.Cr.App.1979), that a limiting instruction must be delivered to the jury as to the use of testimony concerning other crimes at the time the evidence is received and in the final instructions to the jury. A search of the record discloses that no such instruction was delivered to the jury concerning the office break-in. It has been this Court's consistent opinion that when one is put on trial, one is to be convicted, if at all, by evidence which shows one guilty of the offense charged. The appellant was charged with larceny of an aircraft and at trial evidence was presented to prove that crime. Also given as testimony was evidence of a burglary. Because a limiting instruction was not given to the jury, error occurred. However, the evidence supporting the conviction for larceny of an aircraft is extremely strong. Also, the appellant received the minimum allowable sentence for that offense. In view of the strong evidence and the fact that there is no room for modification of the sentence, the conviction must stand as it is.

At the close of the testimony of State's witness, Mark J. Reisdorfer, and in the

presence of the jury, the trial court engaged in a personal dialogue with the witness.[1] The appellant alleges that this conversation placed facts before the jury from which it could infer that if someone else could take off ‑ and land an airplane by himself after 1.8 hours of instruction, so might the appellant. The appellant further alleges that an admonishment to disregard is not sufficient to cure such an error.

■ While a judge may ask questions of a witness which tend to elicit the truth, the comments by Judge Henry were apparently made without any purpose of eliciting truth or clarifying previous testimony. After the conversation ended the court admonished the jury to disregard the remarks. We differ with the appellant in that it is our opinion that the admonition cured any error which may have occurred. *Kitchens v. State,* 513 P.2d 1300 (Okl.Cr.App.1973).

In his third proposition, the appellant claims that the prosecutor made improper statements during the closing arguments in both phases of the bifurcated trial. A total of ten statements were made which the appellant alleges were prejudicial. Only three of these remarks warrant attention.

■ In the closing argument of the first phase of the trial, the prosecutor accused the appellant of "making up a story" when he testified. Such a remark is improper as a prosecutor may not express his personal belief or opinion as to the truth or falsity of testimony. *Lewis v. State,* 569 P.2d 486 (Okl.Cr.App.1977). While calling someone a storyteller may sound less unpleasant than calling him a liar, when said in a court of law the meaning is the same. Nevertheless, this statement alone does not warrant reversal as there is no evidence

that the appellant's rights were affected by the remark.

■ The prosecutor twice referred to the appellant's prior burglary conviction during the first stage of closing arguments. Except to challenge the appellant's credibility, reference to a former conviction should be reserved for the punishment stage of closing arguments. *Conway v. State,* 581 P.2d 40 (Okl.Cr.App.1978).

■ Upon reviewing the remarks, we determine that the prosecutor attempted to attack the appellant's character and not his credibility. In doing so he committed error. The appellant had not placed his character at issue at trial and thereby made an attack upon it permissible.

■ When faced with a similar situation in *Perkins v. State,* 514 P.2d 690 (Okl.Cr. App.1973), this Court held that reversible error was not committed when an objection was improperly overruled to an attack on the appellant's character. The Court relied on the overwhelming evidence of the appellant's guilt in reaching its decision. We find the same result in the case at bar. The evidence of the appellant's guilt was overwhelming. Despite any errors which may have occurred in the closing argument of the first stage of the proceeding, no reversal is justified.

■ Five different remarks made by the prosecutor in the second stage of the trial were allegedly improper. No objection was entered at trial to any of the remarks. The appellant cannot now be heard to complain unless the combined effect of the statements served to deny him a fair and impartial trial. If it is shown that the appellant's rights were prejudiced by im-

1. MR. WELCH: We don't have any other questions.
 THE COURT: You may step down. Oh, just one question, I want to ask. How many hours did it take you to solo?
 A. Twelve point nine.
 THE COURT: I soloed in six. I just thought I would let you know.
 A. I shouldn't bragged. I had one that soloed, actually had flown before, and soloed in one point eight, the other day.

 THE COURT: That really didn't have any business in here. But, I will give you an objection, Mr. Van Wagner.
 Mr. VAN WAGNER: Please show our objection and request the Jury be admonished that it is not evidence in this case.
 THE COURT: The Jury is admonished that that is not evidence in this case.

proper remarks made in the second stage of a bifurcated trial, we will consider modification of the sentence. However, as the jury imposed the minimum sentence allowable for the convicted offense, we find no prejudicial effect. Thus, we will not address those remarks.

As proof of the appellant's prior conviction of a felony, the State offered Exhibit 13, a Judgment and Sentence on Acceleration of Deferred Sentence, in the second stage of the trial. The document was admitted over the appellant's objection that it was highly prejudicial. The appellant claims that the document was prejudicial because it stated, as grounds for revoking the previously deferred sentence, the commission of another offense for which the appellant was never convicted. He contends that the document could only be interpreted by the jury as indicating that the appellant had been convicted of two distinct felonies. To remedy this alleged error, the appellant requests a new trial.

Evidentiary problems during the second stage of a bifurcated trial will not justify reversal, but may justify modification of the sentence if prejudice is shown by admission of the evidence. *Pearce v. State*, 456 P.2d 630 (Okl.Cr.App.1969).

The use of the Judgment and Sentence on Acceleration of Deferred Sentence in this case could not have been prejudicial. Not only did the jury return the minimum sentence, the sentence the jury did return was less than half of that recommended by the District Attorney. The appellant's final proposition of error is without merit.

The record is free of any error which would justify reversal. The imposition of the judgment and sentence is hereby Affirmed.

BUSSEY, J., concurs in results.

CORNISH, J., concurs.