Allen Wayne NELSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–748.

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1985.

T. Hurley Jordan, Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Allen Wayne Nelson, was convicted of Robbery With Firearms, in Oklahoma County District Court, Case No. CRF–83–1698, was sentenced to twenty (20) years' imprisonment, and he now appeals.

Briefly stated, on March 22, 1983, at approximately 5:15 a.m., the appellant entered a convenience store, at 212 N.W. 23rd in Oklahoma City. He pulled out a gun and demanded money from James Morrow, the store clerk, who handed the appellant one hundred and twenty-three dollars ($123). Immediately after the appellant de-

parted, Mr. Morrow called the police. Officers Patrick Biscek and his partner, both of the Oklahoma City Police Department, were proceeding westbound, only blocks from the store, when they heard the radio dispatch. Immediately thereafter, they observed a tan Oldsmobile, driven by the appellant, traveling eastbound at a very high rate of speed. They chased the vehicle for several miles, until the appellant crashed into a building on the State Complex. The appellant got out of his car with a gun in his hand, and according to the testimony in an in-camera hearing, he pointed it at the officers. He was subsequently arrested, and the weapon used in the robbery was confiscated.

Although Mr. Morrow did correctly identify the appellant on the day of the robbery, from a group of photographs, Mr. Morrow subsequently failed to identify the appellant at the preliminary hearing. Morrow testified that the reason for the misidentification was that the appellant was well-groomed and clean shaven during the robbery, but that he had a moustache and a beard at the preliminary hearing. Morrow positively identified the well-groomed appellant at trial.

I

In his first assignment of error, appellant asserts that the trial court erroneously admitted other crimes evidence that he eluded the police, that he was in possession of a firearm, and that he "pointed" his gun at the police. An examination of the record discloses that there was no testimony presented to the jury that the appellant "pointed" the weapon at the police. This testimony was given in-camera to the trial court and was never admitted into evidence. The remaining alleged evidence of other crimes was properly admitted since it is well settled in Oklahoma that where the offense charged is so connected with the other offenses sought to be proved as to form a part of the entire transaction, evidence of the latter may be given to show the character of the former. *Doser v.*

*State,* 88 Okl.Cr. 299, 203 P.2d 451 (1949); *Miles v. State,* 554 P.2d 1200 (Okl.Cr.1976).

▮▮▮ Additionally, appellant complains that the trial court erred in failing to instruct the jury on the limited use of these alleged other offenses. However, the record is void of any objection by the appellant to the instructions given at trial; thus, this assignment of error has not been preserved for review on appeal. See, *Butler v. State,* 645 P.2d 1030 (Okl.Cr.1982). Moreover, the record establishes that the appellant failed to request such instruction. This Court has held on numerous occasions that where counsel is not satisfied with instructions that are given or desires the court to give a particular instruction, it is counsel's duty to prepare and present to the court such desired instructions and request that they be given; and in the absence of such a request, this Court will not reverse the case if the instructions generally cover the subject matter of inquiry and there is no fundamental error. *Luckey v. State,* 529 P.2d 994 (Okl.Cr.1974). We find that the instructions given were adequate. Accordingly, this assignment of error is without merit.

### II

▮▮ In his final assignment of error, the appellant claims that the trial court committed fundamental error by failing to issue a cautionary instruction concerning the misidentification of the appellant at the preliminary hearing. Initially, we note that this alleged error has not been properly preserved for review on appeal because it was not objected to at trial. See, *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980). Furthermore, we find that the instructions given regarding the credibility of witnesses sufficiently cover the matter complained of by the appellant. This assignment of error is meritless.

For the above reasons, the judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., concurs in results.

BRETT, J., concurs.