James Alfred DONALD, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–700.

Court of Criminal Appeals of Oklahoma.

March 31, 1986.

Rehearing Denied April 29, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Brad Miller, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

James Alfred Donald, Jr., the appellant herein, was convicted of Forgery in the Second Degree, After Former Conviction of Two or More Felonies, pursuant to 21 O.S. 1981, §§ 51 and 1577 in Case No. F–81–371 in the District Court of Pittsburg County. The jury returned a verdict of guilty and set punishment at twenty (20) years' imprisonment.

On October 24, 1981, the appellant passed a forged payroll check in the amount of $184.24 at the Humpty Super-market in McAlester, Oklahoma. The appellant testified that he had stolen the payroll check from the Ron Smith Company during a previous burglary. The assistant manager of Humpty picked the appellant's picture out of a photo lineup as the one who cashed the check on the night in question. A fingerprint taken from the check was identified as being the appellant's. Three of the appellant's prior forgery convictions, which also involved checks from the Ron Smith Company and which were similar in script and style, were admitted into evidence as part of a common scheme or plan.

■ The appellant's first assignment of error alleges that he was forced to trial pro se when his attorney of record was permitted to withdraw during voir dire. Approximately half-way through voir dire the appellant informed the judge that he wanted a certain witness to be subpoenaed. The court informed the appellant that the matter was between his attorney and him. The appellant's attorney stated that he had previously interviewed the alleged witness and that the witness would not be beneficial to his client's case. The court warned the appellant that he had to stop interrupting the voir dire procedure or else he would have to leave the courtroom. The court further instructed the appellant that either he or his attorney could speak, but that he would not have both of them arguing the case. The appellant's attorney agreed to further represent him throughout the trial, but the appellant persisted in wanting to be able to talk as he pleased. The court made clear to the appellant that his counsel would not be allowed to withdraw if the appellant would let his attorney do the talking. Again, the appellant insisted on the right to speak up as he wished. The trial court allowed the appellant to elect whether to proceed pro se or by his court-appointed counsel. The appellant elected to proceed pro se. Appellant's counsel was allowed to withdraw, but was instructed to remain seated in the courtroom for any questions the appellant might have throughout the remainder of the trial. The

attorney did speak for the appellant on several occasions, including making the appellant's demurrer at the close of the prosecution's case. The record reflects that the trial court attempted to dissuade the appellant from representing himself.

■ One may not both represent himself and at the same time have court-appointed counsel. One or the other must be in charge of the defense in order to preserve orderly procedure. *Faulkner v. State,* 646 P.2d 1304 (Okl.Cr.1982); *Smith v. State,* 521 P.2d 832 (Okl.Cr.1974). There is no constitutional right to representation partially pro se and partially by counsel. *Hager v. State,* 665 P.2d 319 (Okl.Cr.1983); *Bowen v. State,* 606 P.2d 589 (Okl.Cr.1980). We find that the appellant knowingly elected to proceed pro se.

■ Appellant's second assignment of error alleges that appellant was denied a copy of his preliminary hearing transcript prior to trial. The appellant correctly cites the rule that indigent defendants are entitled to preliminary hearing transcripts at public expense. *Waters v. State,* 454 P.2d 325 (Okl.Cr.1969). However, there are reasonable alternatives to written transcripts of the preliminary hearing. A tape recording of the preliminary hearing is such an acceptable alternative. *Raper v. State,* 560 P.2d 978 (Okl.Cr.1977). The appellant admitted the trial court offered him the opportunity to listen to the tape recording of the preliminary hearing. The appellant did not request to hear the tape again until after the jury selection had begun. Furthermore, the appellant refers to listening to the preliminary hearing transcript during cross-examination of a witness. Therefore, the appellant has shown a lack of prejudice to his trial.

■ The third alleged error concerns the trial court's failure to instruct the jury on the limited use of other crimes evidence. A requirement was enunciated by this Court in *Burks v. State,* 594 P.2d 771 (Okl.Cr. 1979) that a limiting instruction must be delivered to the jury as to the use of testimony concerning other crimes at the time the evidence is received and in the final instructions to the jury. Because a limiting instruction was not given to the jury, error occurred. However, the evidence supporting the conviction for forgery is strong. Also, the appellant received the minimum allowable sentence for that offense. In view of the strong evidence and the fact that there is no room for modification of the sentence, the conviction must stand as is. *Marks v. State,* 654 P.2d 652 (Okl.Cr.1982).

The appellant next asserts that numerous examples of prosecutorial misconduct, bad faith actions and unfair dealing with the appellant, both before and during trial, deprived the appellant of a fair trial. We have examined the record and find no error that warrants reversal.

■ In his final assignment of error, the appellant argues the trial court failed to poll the jury after they signed both the not guilty and guilty verdict forms. The not guilty verdict had been signed and then scratched through. The appellant made no objection to the verdict form although he was offered the opportunity to inspect the verdict. The judge asked the jury panel if there was "any juror that [did] not agree or concur in [the] verdict?" There was no recorded response. Therefore, this assignment has not been properly preserved. *Born v. State,* 397 P.2d 924 (Okl.Cr.1964); *see also, Hansboro v. State,* 530 P.2d 1038 (Okl.Cr.1975).

The judgment and sentence is AFFIRMED.

PARKS, P.J., concurs.

BUSSEY, J., concurs in results.