Walter Lee MELVIN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–605.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1988.

As Corrected April 1, 1988.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Walter Lee Melvin, was tried and convicted in a nonjury trial in the District Court of Grady County of the crime of Robbery with a Firearm After Former Conviction of Three Felonies in Case No. CRF–84–111 and was sentenced to thirty (30) years imprisonment, and he appeals.

On August 21, 1984, the appellant barged into a hotel room at the Best Western Motel in Chickasha, Oklahoma, brandished a pistol, pointed it at the family that was occupying the room, threatened to shoot them, and took money and jewelry from the occupants. Appellant then fled from the hotel and ran toward the Park Place Apartments. Subsequently, police officers talked with residents of the apartments and discovered that a man matching appellant's description had run into apartment 1605D which was a vacant apartment. After one of the officers knocked on the door and received no response, the officers forced open the door and searched the apartment. The officers found a pistol in a jacket-type holster in one bedroom and

**196**

torn-up money in the toilet and found appellant in the other bedroom.

In his first assignment of error appellant contends that the trial court erred in admitting evidence obtained as a result of an illegal warrantless search. We disagree.

■ Initially, we observe that although appellant did file a motion to suppress challenging the validity of the search when he objected at trial to the introduction of the evidence seized in the apartment he objected on the grounds of failure "to show and establish a chain of custody." "When a specific objection is made at trial to the admission of evidence, no different objection will be considered on appeal." *Marks v. State*, 654 P.2d 652, 655 (Okl.Cr.1982). Because the appellant failed to object to the admission of evidence at trial on the grounds that it was obtained as the result of an illegal search, he cannot now raise the issue. *Id.*

■ Moreover, the apartment that appellant was in was not leased or rented to anyone and appellant had no right to be in it; therefore, he had no reasonable expectation of privacy and was not entitled to Fourth Amendment protection in the vacant apartment. *Champeau v. State*, 678 P.2d 1192 (Okl.Cr.1984), *cert. denied*, 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 183 (1984).

■ For his next assignment of error appellant asserts that his sentence is excessive in that the trial court improperly considered his parole and early release on prior convictions in assessing punishment. Although the trial court did make a passing reference to the fact that appellant had received a twenty year sentence ten years ago, the court listed several factors that it considered in assessing punishment. After considering these factors, the court refused to follow the State's recommendation of forty five years and sentenced appellant to thirty years in the penitentiary. The minimum sentence allowed by statute in this case is twenty years since appellant has three prior felony convictions. 21 O.S. 1981, § 51(B). We have reviewed the trial court's reasons for sentencing appellant to thirty years imprisonment, and we are of the opinion that appellant's sentence is clearly not excessive. This contention is accordingly denied.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., concurs.