**Karen June DREW, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-87-198.**

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1989.

David P. Henry, Hughes & Nelson, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Karen June Drew, appellant, was convicted of Murder in the First Degree in the District Court of Oklahoma County, Case No. CRF–85–374, in violation of 21 O.S. Supp.1982, § 701.7(C). In accordance with the jury's recommendation, she was sentenced to a term of life imprisonment. From said judgment and sentence, appellant appeals to this Court.

During the lunch hour on January 15, 1985, David Drew was phoned at work by the appellant, then his wife. The appellant informed Mr. Drew that their fourteen month-old daughter, Patricia, had fallen from a couch, was unconscious and could not be revived. Mr. Drew then drove to the couple's mobile home and found the appellant holding a cold compress to the child's head. The local fire department rescue squad arrived shortly thereafter and began administering basic life support. The child was then transported by ambulance and a mediflight helicopter to the emergency room of Children's Memorial Hospital in Oklahoma City.

Upon her arrival at the hospital, Patricia was immediately diagnosed as having a severe head injury. An examination of her body also revealed numerous bruises on her head, neck, arm, abdomen, back and buttocks. After a CAT scan and x-rays disclosed a two-inch skull fracture and intra-cranial bleeding, surgical procedures were initiated to remove a blood clot from Patricia's brain. Due to the severity of the injury, parts of her brain had to be amputated. Patricia never regained consciousness and died two days later as a direct result of her head injury.

The appellant has consistently maintained that she never abused Patricia or caused her death. She accounted for one of the bruises on Patricia's arm by stating that it was the result of her grabbing the child as she turned away. However, despite having bathed Patricia on the night before the fatal injury, the appellant denied having noticed any of the other bruises located on her child's body. Notwithstanding, the appellant surmised that those

bruises must have been caused by other children and asserted that Patricia bruised easily.

Concerning the fatal injury, the appellant testified that Patricia had been playing on the livingroom sofa on the day in question. While washing dishes in the nearby kitchen, the appellant claimed that she heard a loud "thump" in the livingroom. She stated that she rushed into the room and discovered her daughter lying on the floor, unconscious, between the sofa and a rocking chair.

At trial, the resident pediatrician in charge of the emergency room, an emergency room pediatrician and chairman of the hospital's Child Protection Team, and the Chief Medical Examiner of the State of Oklahoma, each testified that, in their expert opinions, Patricia was an abused child. Those doctors, joined by the supervising neurosurgeon, also concluded that the severe head trauma sustained by the child could not have been the result of a fall from a sofa. Additionally, several tests performed on Patricia's blood disclosed that she did not bruise any easier than a normal person.

In her first assignment of error, the appellant asserts that there was insufficient evidence to support the verdict. Specifically, appellant contends that the State failed to prove that she caused the death of her daughter. We disagree.

■ The test to be utilized by a reviewing court when determining if the State presented sufficient evidence to support a conviction where both direct and circumstantial evidence has been introduced is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202, 203–4 (Okla.Crim.App. 1985); *Riley v. State,* 760 P.2d 198, 199 (Okla.Crim.App.1988). Because the instant case involved both direct and circumstantial evidence, the *Spuehler* test is applicable. Furthermore, because the appellant does not challenge the sufficiency of any other element of the crime charged, we

must conclude that the victim was a child under the age of eighteen and that her death resulted from a willfully inflicted injury or the use of unreasonable force.

■ The criminal agency evidence introduced at trial which was most favorable to the prosecution is as follows: Medical testimony revealed that the fatal injury most likely occurred within twelve hours of the child's arrival at the hospital. Only the appellant, her husband and their other two infants were with Patricia during this crucial time period. Testimony disclosed that the appellant's husband left for work early in the morning and returned home to find appellant holding the unconscious child. Additional medical testimony revealed that consciousness would be lost almost immediately following such an injury. Based on this evidence, we find that any rational trier of fact could have found beyond a reasonable doubt that the appellant inflicted the injury which caused the death of her daughter. Therefore, this assignment of error is without merit.

In her second assignment of error, the appellant makes several attacks on the constitutionality of 21 O.S.Supp.1982, § 701.7(C). This section, along with 21 O.S.1981, § 843, are set forth as below:

Section 701.7(C):

A person commits murder in the first degree when the death of a child results from the injuring, torturing, maiming or using of unreasonable force by said person upon the child pursuant to Section 843 of this title.

Section 843:

Any parent or other person who shall willfully or maliciously injure, torture, maim, or use unreasonable force upon a child under the age of eighteen (18), or who shall cause, procure or permit any of said acts to be done, shall be punished by imprisonment in the State Penitentiary not exceeding twenty (20) years, or by imprisonment in a county jail not exceeding one (1) year, or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars

($5,000.00), or both such fine and imprisonment.

◼ The appellant first argues that the terms "injuring" and "reasonable force" are sufficiently ambiguous to raise an issue as to the statute's clarity and definiteness. This Court addressed a substantially identical challenge in *Holder v. State,* 556 P.2d 1049 (Okla.Crim.App.1976). There, we held that 21 O.S.1971, § 843 was "sufficiently clear and explicit that all persons of ordinary intelligence could understand its provisions. A person of common intelligence would not necessarily guess at its meaning and differ as to its application." *Id.* at 1052. Because Section 701.7(C) specifically states that its provisions are pursuant to Section 843, and because the terms at issue are identical in both statutes, we deem the *Holder* decision controlling in the instant case.

◼ Secondly, the appellant asserts that Section 701.7(C) is unconstitutional because it lacks a *mens rea* requirement. We disagree. As we stated above, the provisions of Section 701.7(C) are pursuant to 21 O.S. 1981, § 843. Section 843 clearly provides that only those acts which are committed in a willful or malicious manner fall within the purview of the statute. Because the *mens rea* element of Section 701.7(C) is supplied by Section 843, we find that this argument lacks merit.

◼ The appellant next contends that Section 701.7(C) is unconstitutional because it prescribes a disproportionately greater sanction than the second degree murder and manslaughter statutes which, she argues, prohibit identical criminal conduct. We note, however, that Section 701.7(C) explicitly addresses only those acts proscribed by 21 O.S.1981, § 843 which result in the death of a child under the age of 18. Neither the second degree murder statute, 21 O.S.1981, § 701.8, nor any of the manslaughter statutes, 21 O.S.1981, §§ 711–714, 716 and 717, specifically proscribe such conduct.

◼ Also incorporated into this assignment is the appellant's assertion that child abuse may not serve as the underlying felony for a homicide conviction. However, as this Court stated in *Schultz v. State,* 749 P.2d 559, 561 (Okla.Crim.App.1988), "With the enactment of § 701.7(C) the legislature has clearly stated its intention that the use of unreasonable force upon a child, pursuant to 21 O.S.1981, § 843 is to be punished as Murder in the First Degree." Thus, this assertion is without merit.

◼ Finally, the appellant asserts that Section 701.7(C) is unconstitutional because the *mens rea* required for the homicide is irrebuttably presumed from the *mens rea* required for the felony child abuse. Where the prosecution attempts to utilize Section 701.7(C) for a murder conviction, it must first establish that all of the elements of child abuse under 21 O.S.1981, § 843 are proved beyond a reasonable doubt. Included among those elements is the requirement that the acts be committed in a willful or malicious manner. Therefore, the adoption of the *mens rea* requirement of Section 843 does not alter the State's ultimate burden of proving each element of Section 701.7(C) beyond a reasonable doubt. *See Hall v. State,* 635 P.2d 618, 621 (Okla.Crim. App.1981), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1455, 71 L.Ed.2d 666 (1982). This assignment of error is without merit.

◼ In her third assignment of error, the appellant claims that the trial court erred in inquiring as to the numerical division of the jury and subsequently giving an *Allen* instruction. The appellant cites *Brasfield v. United States,* 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345 (1926), in support of the first part of this argument. However, for the same reasons stated in *Dunford v. State,* 614 P.2d 1115, 1118 (Okla. Crim.App.1980), we find this authority to be unpersuasive. This Court has consistently held that knowledge of the numerical count can often help a trial court decide whether further instruction or a mistrial is in order, although it would be improper to ask the jury toward what verdict they were leaning. *Funkhouser v. State,* 721 P.2d 423, 425 (Okla.Crim.App.1986); *Dunford, supra.* As the trial judge herein requested and received only the numerical breakdown, we find that no error occurred.

After receiving the numerical count and two notes which indicated that the jury was making progress, the trial judge gave the *Allen* charge. The appellant asserts that the giving of such instruction, after the court elicited the numerical breakdown of the jury, unlawfully coerced the hold-out juror to concur in the majority's verdict.[1] We disagree.

*Allen* instructions have previously been upheld by this Court under circumstances of an apparent deadlocked jury. However, the trial court must carefully avoid any coercion in such cases. *Sartin v. State*, 637 P.2d 897, 898 (Okla.Crim.App.1981); *Day v. State*, 620 P.2d 1318, 1319 (Okla. Crim.App.1980). The instruction given in the present case emphasized that no juror "should surrender their honest convictions ... solely because of the opinions of other jurors or because of the importance of arriving at a decision .... nor find a fact or concur in a verdict which in good conscience he or she believes to be untrue." (O.R.324) *See Oklahoma Uniform Jury Instructions—Criminal* (OUJI–CR) 910 (1981). Therefore, we find that the instruction given was not coercive. *See also Givens v. State*, 705 P.2d 1139 (Okla.Crim.App. 1985); *Sartin v. State*, 637 P.2d 897 (Okla. Crim.App.1981); *Glaze v. State*, 565 P.2d 710 (Okla.Crim.App.1977). (*Allen* instruction, given after ascertaining that the jury was deadlocked eleven (11) to one (1), upheld in all three cases.) This assignment of error is without merit.

In her final assignment of error, the appellant asserts that the trial court erred in admitting evidence of child abuse and in failing to give a limiting instruction concerning the use of such evidence. Again, we emphasize that child abuse is the underlying felony for first-degree murder under 21 O.S.Supp.1982, § 701.7(C). As such, proof of child abuse under Section 843 is essential to sustain such a conviction.

■ Moreover, evidence of other crimes is admissible where it tends to establish absence of mistake or accident. *Gideon v. State*, 721 P.2d 1336, 1338 (Okla. Crim.App.1986); *Ashford v. State*, 603 P.2d 1162, 1164 (Okla.Crim.App.1979). *See also, Burks v. State*, 594 P.2d 771, 772 (Okla. Crim.App.1979); 12 ° O.S.1981, § 2404(B). In the present case, the appellant surmised that her child's fatal head injury must have resulted from an accidental fall. She also denied having noticed the child's multiple bruises and asserted that the child bruised easily. The State countered these claims by presenting evidence that the fatal injury could not have been accidentally sustained, that the child's bruises were indicative of ongoing abuse, and that she did not bruise more easily than the average person. It is the opinion of this Court that the State's evidence clearly tended to establish that Patricia Drew's death was not the result of an accident. Therefore, such evidence was admissible.

■ The appellant further alleges that the State erred in failing to notify the defense ten days prior to trial that it intended to introduce other crimes evidence. However, as the State correctly submits, "[t]he purpose of the notice requirement is to insure against surprise on the part of the defense and to allow time for the defense to be heard prior to the information being placed before the jury." *Scott v. State*, 663 P.2d 17, 19 (Okla.Crim.App. 1983). In the instant case, child abuse was not only introduced into evidence at appellant's preliminary hearing and previous trial, but was also alleged in both the Information and first Amended Information.[2] Under the circumstances of this case, we are not convinced that the appellant was surprised by the introduction of child abuse evidence at her trial. Thus, we find that no

---

1. Although the appellant states that there were two hold-out jurors, a review of the record reveals that the numerical count was eleven (11) to one (1) at the time the *Allen* charge was given. (TR.516)

2. The appellant's preliminary hearing was conducted on October 4, 1985. Her original trial, which resulted in a hung jury, was held on December 9–12, 1985. The original Information was filed on January 22, 1985 and the first Amended Information was filed on October 9, 1985. The trial in the case at bar was held on October 20–23, 1986.

error resulted by the State's failure to provide ten days notice to the appellant.

■ The appellant's final argument alleges that the trial court erred in failing to give a limiting instruction concerning evidence of other crimes. In *Landtroop v. State*, 753 P.2d 1371, 1372 (Okla.Crim.App. 1988), this Court held that *Burks v. State*, 594 P.2d 771 (Okla.Crim.App.1979), mandated that a limiting instruction be given, whether or not one is requested. However, although *Burks* was decided after the enactment of the Oklahoma Evidence Code, a review of that opinion reveals that Section 2106 of the code was not taken into consideration. Section 2106 provides:

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court shall upon request restrict the evidence to its proper scope and instruct the jury accordingly. (Emphasis added).

This Court has repeatedly held that a trial court is not required to give a limiting instruction unless one is requested. *See Bennett v. State*, 743 P.2d 1096, 1099 (Okla.Crim.App.1987); *Sweatte v. State*, 732 P.2d 476, 477 (Okla.Crim.App.1987); *Freeman v. State*, 721 P.2d 1327, 1329 (Okla.Crim.App.1986); *Lipe v. State*, 716 P.2d 700, 702 (Okla.Crim.App.1986); *Nelson v. State*, 709 P.2d 700, 702 (Okla.Crim. App.1985); *Scott v. State*, 668 P.2d 339, 343 (Okla.Crim.App.1983); *Marks v. State*, 654 P.2d 652, 655 (Okla.Crim.App.1982); *Pearson v. State*, 632 P.2d 765, 768 (Okla. Crim.App.1981). Because we consider this view to be the more reasonable interpretation of *Burks*, and is consistent with Section 2106 and this Court's prior decisions, *Landtroop* is hereby expressly overruled insofar as it is inconsistent with this opinion.

■ We next note that the appellant offers no authority in support of her final argument. This Court has consistently held that an assertion of error unsupported by relevant authority is not properly preserved for review. *Foster v. State*, 742 P.2d 1131, 1135 (Okla.Crim.App.1987); *Wilson v. State*, 737 P.2d 1197, 1204 (Okla.

Crim.App.1987). Notwithstanding the appellant's waiver of this issue, we agree that the omission of the requested instruction was error. However, under the circumstances of this case, we find that the error herein complained of was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 711 (1967).

The jury in the instant case was instructed that it would find the appellant guilty if it believed from the evidence beyond a reasonable doubt that all of the requirements for guilt under 21 O.S.Supp.1982, § 701.7(C), had been proved. The jury then returned a verdict of guilty as to that crime and punishment was set at the statutory minimum. In view of this fact, we have no room for modification. *Donald v. State*, 716 P.2d 681, 683 (Okla.Crim.App.1986); *Marks v. State*, 654 P.2d 652, 655 (Okla. Crim.App.1982). Furthermore, we cannot say that the error determined the verdict or that it resulted in a miscarriage of justice. 20 O.S.1981, § 3001.1.

Finding no error warranting reversal, the judgment and sentence is AFFIRMED.

PARKS, V.P.J., and LANE and LUMPKIN, JJ., concur.

BRETT, P.J., dissents.

BRETT, Presiding Judge, dissenting:

I respectfully dissent to this decision. Insofar as appellant has challenged the sufficiency of the evidence, this Court is authorized to evaluate that evidence to determine whether or not the verdict is sustained. As I view the evidence, it is not sufficient.

This appellant was convicted by supposition, conjecture and unsubstantiated opinion of the State's expert witnesses. The State in this case failed to prove the corpus delicti of the crime. The burden is on the State to prove the corpus delicti which consists of the body or substance of the crime, which ordinarily includes two elements: the act and the criminal agency of the act. Black's Law Dictionary 413 (4th ed. 1968). In the instant case, the State proved that the child had been injured, but did not

prove how the act was accomplished or the agency by which it was done. In other words, no evidence was offered to counter appellant's story of how the accident occurred. 22 O.S.1981, § 836 provides:

> A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted.

The State expert witnesses showed that the child received a skull fracture of the left occipital; that it consisted of a line fracture without any type of depression which would occur if the child had been struck by an object. In each instance, the experts stated that they did not know how the child was injured, but that it was their opinion that the injury did not result from a fall. Their testimony was premised upon what they saw and experienced in the medical circumstances, and none of them had raised any children. There seems to be little doubt that the blow was severe, but how it was accomplished was never proved. The medical experts' testimony was based upon pure suspicion. Appellant's story was consistent, and she continues to declare her innocence.

The State was unable to prove that this appellant ever abused any of her children. Her medical expert, Dr. Leo Lowbeer, a medical pathologist, testified that it was his opinion that the accident could have occurred from a fall as described by appellant. Dr. Moorman Prosser, a psychiatrist, testified that his examination of appellant failed to show any tendency to child abuse. All of the defense witnesses, including appellant's husband, testified that appellant was a loving mother and that they had never seen her abuse any of her children.

The bruises were centered upon by the prosecution, but Dr. Lynn Coulter, a pediatrician, admitted that it was customary to pinch the child to gain some response, since she appeared otherwise unresponsive. Notwithstanding the fact that the child passed through several emergency personnel before reaching the hospital, Dr. Coulter could not state how many persons pinched the child in the same manner she did in an effort to gain a response. She did state that the pinch was rather strong. Whether or not the pinches were strong enough to cause a bruise the State never attempted to show. Again Dr. Lowbeer testified that the bruise marks were not uncommon in situations of this nature.

In *Taylor v. State*, 90 Okl.Cr. 169, 212 P.2d 164 (1949), this Court stated:

> [T]he burden in a criminal case, whether for misdemeanor or felony, is on the prosecution to establish the guilt of accused, beyond a reasonable doubt, that is, to prove every essential element of the crime charged, every fact and circumstance essential to guilt of the accused, as though the whole issue rested on it.

This charge for First Degree Murder was premised upon the provisions of 21 O.S.Supp.1982, § 701.7(C), which provides: "A person commits murder in the first degree when the death of a child results from the injuring, torturing, maiming or using unreasonable force by said person upon the child pursuant to Section 843 of this Title." Section 843 provides:

> Any parent or other person who shall willfully or maliciously injure, torture, maim, or use unreasonable force upon a child under the age of eighteen (18), or who shall cause, procure or permit any of said acts to be done, shall be punished by imprisonment in the State Penitentiary not exceeding twenty (20) years, or by imprisonment in a county jail not exceeding one (1) year, or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00), or both such fine and imprisonment.

There was no proof, except for the conjecture and suspicion offered by the medical experts, that appellant did anything to place her under the provisions of Section 843. To the contrary, the defense witnesses testified that there was no evidence of child abuse whatsoever. This Court stated in *Copling v. State*, 600 P.2d 353 (Okl.Cr. 1979):

It is true that a conviction upon circumstantial evidence cannot be sustained unless the proof presented excludes every reasonable hypothesis except that of guilt. *Tharps v. State*, Okl.Cr., 555 P.2d 1054 (1976), and *Roth v. State*, Okl.Cr., 532 P.2d 1397 (1975). And the proof is not sufficient if it only raises a suspicion, or a mere probability of guilt.

The State's case is riddled with suspicion, without proof of the alleged crime itself. Therefore, I respectfully dissent to this decision.